## CHARLESTON.

BOARD OF EDUCATION OF BLACK FORK DISTRICT *v.* HOLT, *Judge.*

Submitted March 4, 1902.   Decided April 5, 1902.

1. PROHIBITION—*When and to Whom Presented.*
    As an ordinary rule of practice, subject to all just exception, this Court will not award a writ of prohibition to a preliminary rule or injunction issued by the circuit court or judge thereof, until an application has first been made to such judge or court to discharge or to dissolve the same and such judge or court overrules or refuses to entertain such application. Such application may be made and acted on during the pendency of a rule in prohibition in this Court without being in violation thereof. (p. 437).

2. INJUNCTION—*Board of Education.*
    An injunction does not lie to control the action of a board of education as to matters within its jurisdiction.   (p. 438).

3. BOARD OF EDUCATION—*Its Power—Prohibition.*
    A prohibition does not lie to control the action of a board of education unless it is usurping judicial powers not conferred upon it by law or exercising such powers in a manner contrary to law.   (p. 438).

Petition of the board of Education of Black Fork District, Tucker County, for writ of prohibition to John Homer Holt, judge.

*Writ Awarded.*

S. L. FLOURNOY, for petitioner.

CUNNINGHAM & STALLINGS, for respondent.

DENT, PRESIDENT:

The Board of Education of Black Fork District, Tucker County, petition for a writ of prohibition against John Homer Holt, judge of the circuit court, to prevent further proceedings in a rule in prohibition and temporary injunction issued by him at the instance of Straudie Austin, a teacher of said district, against such board of education. This is the third application for this writ.

This teacher was tried on a charge of incompetency and neglect of duty by the trustees of her school, and the charges

were dismissed. A number of the patrons, less than a majority, appealed to the board of education, and she obtained a prohibition for the reason that a majority of the patrons had not asked for such appeal. Thereupon the board proceeded to remove the trustees and appoint others for the express purpose of removing her as she alleges as a teacher and closing her school. The new trustees ordered the school closed for the reason that the required average attendance had not been made. The teacher then obtained from the judge a preliminary injunction restraining the board from interfering with her in the fulfillment of her contract as such teacher. The board on a rule issued now moves this Court to prohibit the circuit court from thus interfering with them in the legal discharge of their duties.

The writ was refused twice because no application had been made to the circuit court or judges to dismiss the proceedings for prohibition and the injunction, for want of jurisdiction. This was done by this Court as a matter of practice out of respect for the judge of the inferior tribunal and on the theory that when the matter was called to his attention he would promptly dispose of the same in accordance with the law defining his legal powers. High Ex. Rem., s. 773, 16 En. Plead. & Prac. 1128; *Havemeyer* v. *Superior Court,* 84 Cal. 327.

The plaintiffs in their amended petition allege that they brought the matter to the attention of the judge by moving him to dismiss the proceedings for want of jurisdiction, but he refused to entertain the motion and postponed the hearing of the matter until some future time. Such action on his part must be deemed equivalent to a determination in favor of jurisdiction, and if he is exceeding the same, there is no good reason why the writ should not at once issue. In Virginia no such preliminary motion is regarded as necessary. *Com.* v. *Latham,* 85 Va. 632.

This Court, however, deems it proper and right that the circuit court or judge have the opportunity of quashing his own illegally issued papers, believing that in all such cases the inclination of the judge will be to follow the law and that he will not try to entertain a matter over which he has no jurisdiction.

On this question he had a right to act at any time without being in violation of the rule in prohibition from this Court. For the object of the rule was to secure a dismission of the pro-

ceedings complained of, and the judge might have dismissed them in obedience to the rule, and so made answer. The service of the first rule should have put him on inquiry as to the extent of his jurisdiction, so that he could have promptly dismissed the complained of proceedings in compliance therewith or made proper answer as to his jurisdiction in response thereto. Service of the first rule might well have been regarded by this Court as a sufficient application to dismiss for want of jurisdiction. According to the practice in the English Courts no preliminary motion or plea to the jurisdiction is necessary if the want thereof appears on the face of the pleadings. *Mayor of London* v. *Cox*, L. R. 2, H. L. 278, 280. Such is this case. When the circuit court is acting in usurpation and abuse of his powers, this Court has no other alternative that to award the writ. It lies as a matter of right to the party whose rights are being illegally invaded. *Simmons* v. *Thomasson*, decided at this term; *Johnson* v. *Hunter*, 50 W. Va. 52, (40 S. E. 448) ; *N. & W. R. R. Co.* v. *Pinnacle Coal Co.*, 44 W. Va. 574 (30 S. E. 196).

The only justification alleged for the award of the prohibition by the circuit judge is that the board of education was proceeding to review the action of the trustees upon complaint in writing of a less number than a majority of the patrons of the school, yet section 12, chapter 45, Code, provides that "The trustees shall be under the supervision and control of the board of education, and in all cases the action of the trustees shall be subject to the revision and correction of the board of education on the motion of any member thereof, or upon the complaint in writing of any three tax payers of their sub-district." It is true that section 13 provides in relation to the suspension or expulsion of a scholar or the removal of a teacher that the action of the trustees "In each particular shall be subject to the revision and correction of the board of education upon complaint in writing of a majority of the patrons of the school." This must be construed so as to be consistent with the general grant of power in the preceding section and its sole object was to give a majority of the patrons of the school the right to have the action of the trustees reviewed, if unjust and hostile to their interest and desires. Certainly if the teacher was condemned and removed unjustly she would have the right to ask the board to review such action without obtaining the complaint in writ-

ing of a majority of the patrons of the school, and if the trustees acted unjustly towards her or the school why should not the board review the matter, either in her interest or in the interest of the school without waiting for the complaint of the majority of the patrons, who may not wish to interfere in the matter but may desire their officers to settle it without any influence from them. If the board treats her unjustly, and she is illegally removed, she may have the matter reviewed by writ of *certiorari* or she may sue on her contract and recover her salary.

Boards of education are charged with the general control and supervision of the schools and are responsible for their efficiency and proper conduct, and unless they clearly exceed their legitimate powers and exercise judicial powers not conferred upon them, or in a manner not provided by law, they are not subject to the writ of prohibition nor to injunction and the circuit judge attempting to control them in the exercise of their legitimate functions exceeds his jurisdictional authority. 16 En. Plead. & Prac., 1104, 1106; *County Court* v. *Bowman*, 34 W. Va. 362, (12 S. E. 490); *Brazie* v. *Fayette County*, 25 W. Va. 213; *Fleming* v. *Com'rs*, 31 W. Va. 608, (8 S. E. 267); *Filler* v. *Town of Davis*, 47 W. Va. 413, (35 S. E. 6); *Hassenger* v. *Holt*, 47 W. Va. 348, (34 S. E. 728).

Hence the prohibition must be awarded.

*Writ Awarded.*