# CHARLESTON.

## JENNINGS v. JUDGE.

Submitted September 7, 1904.   Decided November 1, 1904.

.1   PERSONAL DECREE—*Notice—Non-Resident.*

Where a personal decree for money is made on publication against non-residents, without service of process or appearance, they must first apply to the circuit court by special appearance to vacate the decree and quash the execution before asking a writ of prohibition against an execution on the decree. (p. 147).

Petition of Jennings & Bros. for writ of prohibition against W. G. Bennett, judge, and others.

· *Writ denied.*

THOS. P. JACOBS, for petitioners.

L. M. WADE, for respondents.

BRANNON, JUDGE:

See and Siers brought a chancery suit against Kane and E. H.

Jennings & Brothers to cancel an oil lease, and a decree was made cancelling the lease and adjudicating costs against E. H. Jennings & Brothers. Jennings & Brothers were not served with process, and did not appear, but were proceeded against as non-residents by publication. An execution for such costs issued against Jennings & Brothers, and they petitioned this Court for a writ of prohibition against the enforcement of said decree and execution.

No attack is made on that part of the decree cancelling the lease; but attack is made upon that part giving personal decree for costs, and it is claimed to be void. As there was no service of process or appearance, it is claimed that upon elementary principle the court had no jurisdiction of the person of Jennings & Brothers to render decree for costs. *Fowler* v. *Lewis,* 36 W. Va. 112; *Roller* v. *Holley,* 176, U. S. 398. We hold that though the decree for costs be void, yet prohibition ought not to be awarded untl the circuit court shall be allowed an opportunity to vacate that portion of the decree and quash the execution. We have not the case where the party appears and makes no objection or exception to jurisdiction. Many authorities say that he cannot in such case have a writ of prohibition. Our case is where the parties were not summoned and did not appear and we are of opinion that the circuit court in such a case ought first be asked for relief before prohibition can be had. Here is a case where the circuit court, likely by inadvertence, gave a decree that is in a separable part of it void. Ought the party to be allowed to bring a separate suit, and that the extraordinary remedy of prohibition, without asking the circuit court to correct its error? The decree being void in part, the court has power to vacate the void part, at any time, though the term has ended. 17 Am. & Eng. Ency. L. (2d Ed.) 825. In *Board* v. *Holt,* 51 W. Va. 435, the rule is stated that generally prohibition will not issue against a preliminary rule or injunction until application has been made to the lower court to discharge the rule or dissolve the injunction. JUDGE DENT said, very properly, that it should be done out of deference to the judge below on the theory that when the matter is called to his attention he will promptly dispose of the same in accordance with law. *Zahnhizer* v. *Knight,* 53 W. Va. 370, so holds. Where it appears that the lower court in fact considered its jurisdiction and held that it had jurisdiction, so that

we may be sure that application to it would be vain, the rule may be different.  *Havemeyer* v. *Superior,* 18 Am. St. R. p. 245; *Board* v. *Holt,* 51 W. Va. 435.  Of *Board* v. *Holt,* 54 W. Va. 167, (46 S. E. 134), we may also say it recognized this general rule, but dispensed with it from the fact that it was clear that the circuit judge had a fixed, sedate opinion in favor of his jurisdiction.  Safely may we say that the great current of authority is that it is a part of the practice or procedure in prohibition that such application must first be made to the inferior trubunal 12 Am. Dec. 609; *Calbreth* v. *District,* 71 Pacif. 387; 16 Ency. Pl. & Prac. 1128; *State* v. *Bank,* 76 Pacif. 680.

Jennings & Brothers may appear specially before the circuit court only for the purpose of moving the vacation of that part of the decree giving costs and quashing the execution, or may make such appearance before the judge in vacation and move to quash the execution, without being bound by general appearance to the whole cause.  *Grove* v. *County,* 42 W. Va. 587.  Therefore, we discharge the rule and refuse the prohibition, without prejudice to further application herafter.

*Writ denied.*