STATE EX REL. CHAPIN ET AL., RELATORS, *v.* DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT ET AL., RESPONDENTS.

(No. 2,417.)

(Submitted March 12, 1907.  Decided March 14, 1907.)

(89 Pac. 62.)

*Administrators—Discovery of Assets—Prohibition—Petition— Sufficiency.*

1. *Held,* on application for writ of prohibition, that the district court erred in issuing a citation to certain persons, in pursuance of a petition, filed by an administrator under section 2571 of the Code of Civil Procedure, requiring such persons to appear and be examined under oath as to the knowledge they possessed touching the title to decedent's property interests, and to bring all deeds, memoranda and books bearing on the matter—which petition was fatally defective in failing to allege that any one of the persons cited had in his possession, or had knowledge of, any deeds or papers containing evidences of the right, title or interest of the decedent to the property described in the petition.

ORIGINAL application for writ of prohibition by the state, on the relation of E. P. Chapin and others, to review the action of the district court of the second judicial district and Honorable Michael Donlan, a judge thereof, in issuing a citation to relators to appear and be examined in a probate proceeding.   Peremptory writ issued.

*Messrs. McBride & McBride,* for Relators.

*Mr. Charles O'Donnell,* for Respondents.

MR. JUSTICE SMITH delivered the opinion of the court.

Petition for writ of prohibition. On February 12, 1907. Charles O'Donnell, as administrator of the estate of Peter Conway, deceased, filed in the district court of Silver Bow county his petition, wherein he set forth, in substance, that at the time of Peter Conway's death he was indebted to the State Savings Bank of Butte; that as security for such indebtedness Conway had in his lifetime given certain mortgages and deeded certain real property to the bank; that the administrator had since paid all of said indebtedness and had received a reconveyance of a part of said realty, but that the bank had refused to reconvey the balance.   The petition concluded as follows: ''That the following named persons have some knowledge relating to the title to these interests in the said properties, and said administrator asks that this court make an order citing the following named persons to appear before said court at a time and place where they may be, under sections 2571 and 2572, title 12, chapter 4, article 2, Code of Civil Procedure, examined under oath, and that they be required to bring all title deeds, books, memoranda, and entries in books in relation to all matters alleged in said complaint: G W. Stapleton, T. M. Hodgens, A. H. Barrett, E. D. Levitte, S. V. Kemper, J. O. Hodgens, E. P. Chapin, Charles R. Leonard, F. A. Heinze, M. S. Largey, Edward

Hickey, R. B. Nuckolls, F. W. Holmes, William D. Thornton, Roy S. Alley, Arthur C. Carson.''

Upon this petition the district court of Silver Bow county, by an order signed by the Honorable Michael Donlan, one of the judges thereof, required the relators to appear and be examined under oath in said matter, and to bring with them to the court all title deeds, books, memoranda and entries in books in relation to said matter. On February 21st the relators filed a motion to quash said order and citation, which motion was denied. The matter is presented to this court by petition for a writ of prohibition.

Section 2571 of the Code of Civil Procedure, upon which the petitioner O'Donnell relies, is as follows: ''If any executor or administrator, or any person interested in the estate of a decedent, complains to the court or judge, on oath, that any person is suspected to have concealed, embezzled, smuggled, conveyed away, or disposed of any moneys, goods or chattels of the decedent, or has in his possession or knowledge any deeds, conveyances, bonds, contracts, or other writings which contain evidences of or tend to disclose the right, title, interest or claim of the decedent to any real or personal estate, or any claim or demand, or any lost will, the said court or judge may cite such person to appear before such court, and may examine him on oath upon the matter of such complaint. If such person is not in the county where such decedent dies, or where letters have been granted, he may be cited and examined either before the district court or judge of the county where he is found, or before the district court or judge of the county where the decedent dies, or where letters have been granted. But if he appears and is found innocent, his necessary expenses must be allowed him out of the estate.''

The petition presented to the district court of Silver Bow county is fatally defective, in that it fails to allege that any one of these relators has in his possession or has knowledge of any deeds, conveyances, bonds, contracts, or other writings which contain evidences of, or tend to disclose, the right, title, interest,

or claim of the decedent, Conway, to any part of the real estate described therein. Without inquiring into the full meaning and scope of the statute, it is sufficient to say that a specific allegation to this effect is necessary in order to set the machinery of the district court in operation.

The court erred in issuing the citation upon an insufficient petition. It is therefore ordered that a peremptory writ of prohibition issue.

*Writ issued.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.