PROVOSTY, J.
The child labor law (Act No. 301, p. 453, of 1908) makes it criminal to employ any child under the age of 14 years, “to labor or work” in any theater or concert hall. The relator was prosecuted before the-juvenile court under this statute; the affidavit against him charging that he employed a certain named child under 10 years “to-appear and perform on the stage” of. his; theater. The relator was tried and convicted. He appealed, and his appeal is now pending in this court. Other affidavits were-made against him before the same court for the appearance upon the stage of his theaters, of other children upon other occasions. He; *529 refused to go to trial upon these other charges, and has applied to this court for a writ of prohibition to prevent the judge of the juvenile court and the district attorney from forcing him to go to trial. To the customary rule nisi issued to the judge and the district attorney these officers have made return, and the matter to be considered is said application for prohibition.
' We proceed to consider the reasons assigned by the relator in his petition why the prohibition should issue, and to dispose of them in regular order:
First. That pending the appeal on the first charge against him all proceedings against him upon charges for violations of the same statute should be stayed. This contention can hardly be serious. If it were well founded, a defendant could not be prosecuted for larceny pending his appeal on a previous conviction for larceny, although the subsequent prosecutions were for offenses distinct and separate in point of time and place.
Second. That the decision of the juvenile court holding that the affidavit charges a crime under the child labor statute is erroneous. The answer is that the proper mode of correcting such error, if error there be, is by appeal.
Third. That, if the prosecution of these other cases is proceeded with in the juvenile court, that court will be trying questions involved in the appeal pending in this court, which questions this court alone has jurisdiction to try. The answer is that, if the same legal questions happen to be involved in several separate cases against the same defendant, the pendency of an appeal in one of the cases does not deprive the trial court of jurisdiction of the other cases. Moreover, no plea to the jurisdiction of the juvenile court appears to have been filed, which is a prerequisite to an application for prohibition.
Fourth. That to try the other cases will be placing relator in jeopardy twice for the-same offense. That question is one for the trial court to decide, subject to review, if need be, on appeal.
Fifth. That the violation of said statute involves no moral turpitude, but, on the contrary, is good for the children. I-Iere, again, is a question to be passed on, if ever, by the trial court, subject to review on appeal.
Sixth. This objection has reference to the manner of conducting relator’s theater. The same thing may be said with regard to it which has been said with reference to the fifth reason.
Seventh. That the charges in these other cases are made for alleged violations of the same statute as in the case on appeal, and that therefore the alleged violations charged in these other cases are but a continuance of the offense prosecuted in the first case, although the children therein alleged to have been employed are not the same, and did not appear on the same dates, nor on the stage of the same theater. Here, again, is a matter to be decided by the trial court, subject to appeal, if need be, to this court.
Eighth. That to try and punish relator every time he violates said statute would be to try and punish him for one continuing offense, and would be cruel and unusual punishment. Here, again, is a question to be decided by the trial court, subject, if need be, to appeal to this court.
Ninth, tenth, eleventh, and twelfth are repetitions of eighth.
Relator in his brief says that by his demurrer and his motion in arrest of judgment in the case pending on appeal he challenged the jurisdiction of the juvenile court. Granting, for the argument, that his said pleas in that case had the effect of challenging the jurisdiction of the juvenile court in that case, the said pleas can be operative only in the case in which they were filed, and cannot afford any basis for a prohibition
*531 in these other cases, in which no plea to the jurisdiction has been filed.
The rule nisi is recalled, and the application of relator is dismissed, at his cost.