## STATE EX REL. POSTON ET AL. v. DISTRICT COURT OF EIGHTH JUDICIAL DISTRICT, FREMONT COUNTY ET AL.

(No. 1248, July 1st, 1924; 227 Pac. 378.)

Prohibition—Objections to Jurisdiction Must First be Made Below—Executors and Administrators—Courts—Proceedings to Discover Assets of Estates—Filing of Pleadings—Hardship in Submitting to Examination—Judicial Discretion.

1. A writ of prohibition will not be granted where the petition fails to show that relators appeared below and made objections to the jurisdiction, which were overruled.

2. An ex parte court order requiring petitioners to appear for examination under Comp. Stats. 1920, Section 6831, touching their possession of property belonging to a decedent, requires an appearance and objection to jurisdiction below, before applying for a writ of prohibition.

3. Comp. St. 1920, § 6735, providing for giving of notice by citation was applicable in a proceeding under section 6831, requiring persons believed to be in possession of a decedent's property to submit to an examination touching such property, since no mode as to giving notice is provided in sections 6831-6833.

4. In a proceeding under Comp. St. 1920, § 6831, requiring persons believed to be in possession of a decedent's property to appear for an examination touching same, objection to service of copy of court's order, certified as correct by the clerk, instead of citation, should have been first made in the court below before applying for a writ of prohibition.

5. An application for an order under Comp. St. 1920, § 6831, for examination of persons believed to be in possession of a decedent's property, must be filed, and persons cited given a reasonable time in which to file objections.

6. If the filing of an application for an order under Comp. St. 1920, § 6831, was jurisdictional, failure to file it did not warrant issuance of a writ prohibiting the lower court from proceeding further in the cause, where application was not before the Supreme Court, and no motion was made to dismiss or to require application to be filed immediately, or to extend time, if necessary, to permit filing of proper objections.

7.  Writs of prohibition are not favored, and are issued with caution.

8.  That it would be a great hardship to compel petitioners to attend court and submit to an examination under Comp. St. 1920, § 6831, touching the possession of property belonging to a decedent, while to be considered by the court in exercising its discretion in granting or refusing a writ prohibiting the lower court from proceeding furthur in the cause, is not controlling.

9.  That it would be a great hardship to compel petitioners to attend court and submit to an examination under Comp. St. 1920, § 6831, touching their possession of property belonging to a decedent, is a matter to be addressed to the lower court before applying for a writ of prohibition.

10.  In proceedings under Comp. St. 1920, § 6831, requiring persons believed in possession of property belonging to a deceased person to submit to an examination, the trial court has a certain discretion in compelling such persons to submit to an examination, where hardship would result.

11.  Petitioners were not liable in contempt for failure to appear at time fixed by court, in an order under Comp. St. 1920, § 6831, where their petition for a writ prohibiting the lower court from further proceeding in the cause was brought in good faith.

Original proceedings in prohibition by the State of Wyoming on the relation of Lon J. Poston and others, against the District Court of the Eighth Judicial District in and for the County of Fremont and Robert R. Rose, Judge. Heard on demurrer to the petition.

*David J. Howell,* Attorney General and *Hagens & Murane* for the demurrer.

The district court had jurisdiction of the subject-matter and of the parties; a writ of prohibition will not issue for lack of jurisdiction or proceedings in excess of jurisdiction until the parties have submitted the question to the inferior court and relief has been denied; the petition fails to show the question to have been submitted below; the writ will issue only in extreme cases; and in the absence of an adequate remedy in the ordinary course of the law;

it will not issue to correct errors of law or fact where the inferior court has jurisdiction of the subject-matter and the person; the statute does not require the complaint to be filed with the clerk of the court; there is nothing in the petition showing that a proper complaint was not presented to the Judge; district courts have jurisdiction in estate matters; petitioners have an adequate remedy by appeal, Chapter 144, Laws 1921; the foregoing points are supported by 32 Cyc. 602-624; State v. Ellis, 18 So. 636; State ex rel Bank v. The Dist. Court, 5 Wyo. 227; Dobson v. Westheimer, 5 Wyo. 36; State ex rel Bank v. Dist. Court, 12 Wyo. 550; State ex rel Mau v. Ausherman, 11 Wyo. 419; State v. True, 26 Wyo. 314; Weidenhoft et al. v. Primm, 16 Wyo. 340; Ex Parte Okla. (220 U. S. 198) 55 Law Ed. 435; Board v. Maughan (Utah) 101 Pac. 581; Johns v. Nolting, 29 Cal. 510; People ex rel McCullum v. Gebhardt (Mich.) 118 N. W. 16; Bacon v. Perkins, (Mich.) 58 N. W. 835; Mesmer v. Perkins, 61 Cal. 151; Ex Parte Frederick Gordon (104 U. S.) 26 Law Ed. 814; Ex Parte Detroit Co., (104 U. S.) 26 Law Ed. 815; Borello v. Superior Court (Cal.) 96 Pac. 404; the case of State ex rel district court supra seems to be clearly in point; also Dobson v. Westheimer supra; the petition alleged that the estate is insolvent and under these circumstances the executrix is a trustee for creditors of the estate, Bank v. Ludvigsen, 8 Wyo. 230; the probate code contains a number of summary proceedings which may be followed in the administration of estates; Section 6685 C. S. providing for a court order requiring the production of a will is an example; defective service does not warrant the issuance of a writ of prohibition, 111 A. S. R. 922.

*Lacey & Lacey* and *William E. Mullen*, contra.

The petition shows that respondent was without jurisdiction in that, (a) no sworn complaint was filed in the court; (b) nothing was served on relators, except copies of a court order; (c) no citation was issued by relators as

required by the statute; (d)) copies of court orders served threatened the imposition of penalties provided by Chapter 437 C. S.; (e) none of the jurisdictional facts required by Section 6831 C. S. were set forth in a complaint and filed; (f) that the absence of a filed complaint precluded answer or joinder of issue as required by Chapter 144, Section 2, Laws 1921, it shows that relators have no remedy by appeal or otherwise, the demurrer admits the allegations of the petition, Elliott v. Court, 168 Cal. 727, 145 Pac. 101; a demurrer to the petition is in effect an application on notice for a preemptory writ of prohibition; the facts alleged in the application being regarded as true, State v. McGee, 15 So. Dak. 247; State v. Barnett, 245 Mo. 99; the record of the court's proceedings must show its jurisdiction, Taber v. Douglas, 101 Me. 367; complaints under 6831-6832 C. S. must be filed in the court and allege facts sufficient to give jurisdiction, State v. Court (Mont.) 89 Pac. 62; such complaints must describe the property, 1 Church P. L. & P. 538; 1 Rose P. L. & P. 448, and also inability to obtain the information elsewhere, Price v. Laing, 67 W. Va. 373; if executor has knowledge no discovery is required, Simms v. Guess, 52 Ill. App. 543; provisions of Code of Civil procedure govern, 6783 C. S., Chapter 144, Laws 1921; Ullman v. Abbott, 10 Wyo. 107; Weidenhoft v. Primm, 16 Wyo. 351; Barrett v. Barrett, 22 Wyo. 293; respondent is required to urge his objections to complaints before submitting himself for examination, Mohlke v. People, 117 Ill. App. 595; if a claim of title, lien, or indebtedness, or possession under a claim of right is shown, the proceedings must be dismissed, Raymond v. Raymond, 134 Ark. 484, Humbarger v. Humbarger, 72 Kans. 412; In re Heinze, 224 N. Y. 1; Bank v. Sheffler, (Okla.) 186 Pac. 479; Ex Parte Casey, 71 Cal. 269; Tomsky v. Court, 131 Cal. 620; the statute clearly requires the filing of a complaint under oath; process as provided by statute is necessary to confer jurisdiction, Caldwell v.

State, 12 Wyo. 206, Lobell v. Co., 19 Wyo. 170; In re Big
Laramie River, 23 Wyo. 459; the statute 6831 C. S. re-
quires the issuance and service of a citation, if it did not,
Section 6735 C. S. would govern; the statute prescribes
the contents of citations, 6732-6734 C. S., the filing of peti-
tion and issuance of citation are jurisdictional require-
ments, San Francisco v. Court (Cal.) 48 Pac. 379; Car-
penter v. Anderson, (Tex.) 77 S. W. 291; the words cita-
tion and notice are not synonymous, Perez v. Perez, 59
Tex. 322; 4 Ency. P. & P. 538; Johns v. Bank (Ariz.) 56
Pac. 725; service of process is a pre-requisite of jurisdic-
tion, 15 C. J. 798; Reynolds v. Stockton, 140 U. S. 254;
State v. Muench, (Mo.) 117 S. W. 25; legal service is re-
quired to confer jurisdiction of the subject-matter of a
suit, Loan Ass'n. v. Dyer, (Del.) 81 Atl. 469; Aaron v. Co.,
112 N. C. 189; Match v. Ry. Co. (N. C.) 112 S. E. 529;
Karr v. Karr, 19 N. J. Eq. 427; Cohen v. Trowbridge, 6
Kans. 385; Kent v. Honsinger, 167 Fed. 619, no action is
commenced until service or appearance of defendant,
Schroeder v. Ins. Co., 104 Ill. 71; the rule requiring ap-
pearance and objection below before issuance of the writ
will be justified, and is subject to exceptions which have
been recognized by this court; (a) lack of opportunity to
present objections (b) when want of jurisdiction is dis-
closed on the face of the record, State v. Court, 12 Wyo.
552, also where the proceedings are ex parte, Havermeyer
v. Court, 84 Cal. 327, 10 L. R. A. 627; also when no service
has been made, 32 Cyc. 624; no preliminary objection is
necessary where want of jurisdiction is apparent on the
face of the proceedings below, People v. Court, 29 Colo.
182; State v. White, 40 Fla. 297; State v. Aloe, 152 Mo.
466, 47 L. R. A. 393; the present case presents all of the
foregoing exceptions; where a court attempts to proceed
without any jurisdiction, application for the writ may be
made as a matter of right, Marsh v. O'Brien, (W. Va.)
96 S. E. 795; lack of jurisdiction may exist with reference

to subject-matter generally or to excess of jurisdiction in the case itself, State v. McQuillin, (Mo.) 171 S. W. 72; prohibition will lie to prevent trial on appeal for want of sufficient notice, State v. Court (Wash.) 48 Pac. 733; Parker v. Marco, 136 N. Y. 585; People v. Inman, 74 Hun. (N. Y.) 130; State v. Mitchell, 2 Bailey, (S. C. Law) 225; a prohibition will issue to prevent a tribunal from exercising an excess of power over matters of which it may take cognizance, People v. Fitzgerald, (N. Y.) 15 App. Div. 539; State v. Court (Wash.) 46 Pac. 1031; People v. Court, 26 Mich. 100; State ex rel Atty. Gen. (Ala.) 43 So. 490; State v. Court (Wash.) 153 Pac. 317, also as against contempt proceedings for disobedeince of a void order, Burke v. Court, (Cal.) 93 Pac. 1058; Cline v. Longan (Nev.) 101 Pac. 553; the Wyoming cases of State v. Dist. Court and Dobson v. Westheimer are not in point; there are other Wyoming cases not referred to in defendants brief, State v. Bank, 13 Wyo. 184 and Keefe v. Court, 16 Wyo. 381, the first denying and the latter granting the writ; it is suggested in defendant's brief that the remedy sought is analogous to that exercised by bill of discovery, a right limited to discovery of material facts relating to plaintiff's case, but not to facts relating to the defense or of defendant's evidence, Franklin Tp. v. Crane (N. J.) 85 Atl. 408, nor to pry into the case of an adversary to learn its strength or weakness, Carpenter v. Winn, 221 U. S. 533; Film Co. v. Sampliner, (C. C. A. 6.) 95; Interstate Commission v. Brimson, 154 U. S. 447; it does not sanction fishing expeditions into private papers, Federal Trade Com. v. Co., 44 Supreme Court Reports 336.

*David J. Howell* and *Hagens & Murane* in reply.

The scope of the statute is but little broader than the authority possessed by courts to issue subpoenas duces tecum, being also analogous to proceedings in aid of execution, provided by Section 6076 C. S., or garnishment proceedings, 6145 C. S., or the enforcement of injunction

orders 6178 C. S., upon the point of a plain, adequate and speedy remedy by appeal we cite Bank v. Steinhoff, 7 Wyo. 464 and Mau v. Stoner, 12 Wyo. 478 also Porter v. State, 16 Wyo. 131; Ex Parte Bergman, 3 Wyo. 396; in probate matters the jurisdiction of the District Court is presumed.

BLUME, Justice.

This is an original action in this court for a writ of prohibition against the District Court of Fremont County, Wyoming, and the judge thereof. The petition alleges, in substance, the following facts:

That on March 7th, 1924, there was filed in the office of the clerk of the district court of Fremont County, Wyoming, the following order, to-wit:

"State of Wyoming )         In the District Court
                  )ss.      Eighth Judicial District
County of Fremont )              No. 908.
In the matter of the Estate of )
                               )        In Probate
Jacob A. Delfelder, Deceased. )
To                                ORDER
Lon J. Poston, John W. Hay, American National Bank of Cheyenne, Wyoming and The Rock Springs National Bank of Rock Springs, Wyoming:

Complaint in writing, and verified by the oath of the Executrix of the Estate of Jacob A. Delfelder, Deceased, having been made to me as Judge of the above entitled Court that you and each of you are suspected to have concealed, embezzled, conveyed away and disposed of money, goods and chattels of the decedent and have in your possession and control certain conveyances, contracts and other writings which contain evidence of, and tend to disclose the right, title, interest and claim of the decedent to real and personal property, and that said property was so concealed, embezzled conveyed away and dis-

posed of by you after the death of the said Jacob A. Delfelder before granting of letters testamentary or of administration of his estate.

YOU ARE THEREFORE HEREBY CITED AND ORDERED to be and appear before R. R. Rose, Judge of the above entitled Court at the Court House at Lander, Fremont County, State of Wyoming at the hour of 9.30 o'clock A. D. on the 7th day of April 1924, then and there to answer, under oath, upon the matters of said complaint, and you and each of you will bring with you all deeds, contracts, telegrams, letters and other writings which in any way refer to or pertain to the property of the said decedent, whether made, written or executed either prior or subsequent to the death of the said Jacob A. Delfelder. In this you will fail not under the penalties provided in Chapter 437 Compiled Statutes of the State of Wyoming, 1920.

IT IS FURTHER ORDERED that the Clerk of the above entitled Court forthwith deliver a certified copy of the foregoing citation to the Sheriff of Fremont County for service upon Lon J. Poston, together with two certified copies to be by said Sheriff delivered to the Sheriff of Sweetwater County for service upon John W. Hay and the Rock Springs National Bank of Rock Springs, Wyoming, and one certified copy to be delivered to the Sheriff of Laramie County for service upon the American National Bank of Cheyenne, Wyoming, and that due return be made by said Sheriffs on or before the 26th day of March, 1924.

Dated this 6th day of March, A. D. 1924.

BY THE COURT:

R. R. Rose

Judge.''

That a copy of said order, duly certified by said clerk was served upon each of the petitioners prior to March 15th, 1924; that immediately upon the service thereof

relators searched the records in the office of said clerk, and failed to find the application mentioned in said order; that in fact several such searches were made, and the said application was found not to have been on file prior to the commencement of the action herein; that a certified copy of said order is not a legal process of said court, nor a citation within the requirements of the Statutes of Wyoming. Hence, it is alleged, the district court of Fremont County and the judge thereof never acquired any jurisdiction to command relators to appear and submit to examination as in said order commanded and has no jurisdiction whatever in the premises. It is further alleged that the distance by railroad from Rock Springs, the home of the Rock Springs National Bank and John Hay, relators herein, to the county seat in Fremont County, is 600 miles, and the distance there from Cheyenne, the home of the American National Bank, relator, is 300 miles; that the estate of J. A. Delfelder, in which said order was made, is insolvent, and that the expenses of relators in attending upon said court will never be repaid. The petition sets out in detail that prior to the death of J. A. Delfelder, he was indebted to said John Hay, and to secure said indebtedness executed certain mortgages; that after the death of said Delfelder, the property so mortgaged was sold by and with the consent of the representatives of the said estate; and that subsequently all of the proceedings were, upon application and with the consent of Evelyn M. Delfelder, executrix of the estate of J. A. Delfelder, duly approved and confirmed by the district court of Fremont County, Wyoming, and that neither of the relators have any money or other property whatsoever that belongs to the estate of J. A. Delfelder.

The order above mentioned was made pursuant to the provisions of section 6831 W. C. S. 1920. That section provides among other things that if any executor, administrator or other person interested in the estate of a de-

cedent, complains in writing, verified by oath, to the court
or judge thereof, that any person is suspected to have con-
cealed, embezzled or disposed of any property of the de-
cedent, or has in his possession any deeds, bonds or other
property which contain evidence of or tend to disclose
the right of decedent to any property, such person may be
cited to appear and submit to an examination. The fol-
lowing section provides among other things that if such
person so cited to appear fails to do so, he may be com-
mitted to jail until he complies with the order of the
court. Other related provisions of the statute need not
now be mentioned.

Upon the filing of the foregoing petition in this court,
an alternative writ of prohibition was issued, citing the
defendants to appear and show cause why the writ should
not be made permanent. The defendants appeared and
filed a demurrer to the petition upon the ground that it
fails to state facts sufficient to constitute a cause of action.
The demurrer has been duly argued, and is now before us
for disposition.

1. The petition in this case fails to show that relators
appeared in the case below and objected to the jurisdic-
tion of the court. We held in the case of State ex rel First
Nat. Bank v. The District Court, 12 Wyo. 547, 76 Pac. 680,
that a writ of prohibition will not be granted until the ob-
jection of want of jurisdiction has been presented and
overruled in the court below against which the writ is
sought, for it is invariably presumed that the court will
give the parties the relief to which they show themselves
entitled. This was stated to be the general rule, and re-
cent cases confirm this statement. Jennings v. Bennett,
56 W. Va. 146, 49 S. E. 23; McAneny v. Superior Court,
150 Cal. 6, 87 Pac. 1020; Lewis v. Superior Court, 11 Cal.
App. 483, 105 Pac. 763; Adams County Court v. People,
48 Colo. 539, 111 Pac. 86; State v. Rose, 124 La. 526, 50 So.
520; State ex rel v. District Court, 47 Mont. 284, 132 Pac.

21; People ex rel v. Woodward, 150 App. Div. 770, 135
N. Y. S. 373, 27 N. Y. Crim. Re. 354; State ex rel v. Breck-
enridge, 43 Okl. 711, 142 Pac. 407; State ex rel v. Travis
County Court, 76 Tex. Crim. R. 147, 174 S. W. 365; Ex
parte Oldham, 2 Ohio App. 457; Drew v. Superior Court,
43 Cal. App. 651, 185 Pac. 680; Grinbaum v. Superior
Court, 189 Cal. 741, 209 Pac. 1005. The reason of the rule
was well stated in the case of Havemeyer v. Superior
Court, 84 Cal. 327, 24 Pac. 121, 10 L. R. A. 627, 18 Am. St.
Rep. 172, as follows:

"When a party has an opportunity of objecting in the
lower court that it is proceeding, or is asked to proceed,
in a matter without, or in any manner exceeding, its juris-
diction, he ought to make the objection there. It is only
fair to the court that the objection should be brought to
its attention in some proper form. If no objection is made,
the party having every opportunity to object, the court
may reasonably infer that no ground of objection exists;
and not only is the court entitled to the advice and sug-
gestions of the party with reference to objections appar-
ent on the record—there are many cases in which the
ground of objection would not appear unless set forth in
plea in some form, and it is to be presumed that any valid
objection properly brought to the attention of the court,
would generally prevail, and that all necessity for a writ
of prohibition would be obviated; therefore, the interest
of the public in preventing unnecessary litigation as well
as consideration for the judge of the lower court demand
that the objection should be made at the first opportunity.
These are the reasons for the rule, and they indicate its
scope and the extent of its application, as the authorities
fully show." See also 22 R. C. L. 27, 28.

2. Counsel for the petitioners concede this to be the
rule, but they contend that this case comes within one of
its exceptions, and claim, in the first place, that the rule

does not apply in an ex parte proceeding such as this, since the petitioners had no opportunity to object to the making of the order citing them to appear. The cases of St. Louis etc. R. Co. v. Wear, 135 Mo. 230, 36 S. W. 357, 658, 33 L. R. A. 341; Havemeyer v. Superior Court, 84 Cal. 327, 24 Pac. 121, 10 L. R. A. 627, 18 Am. St. Rep. 192, and Hill v. Tarver, 130 Ala. 592, 30 So. 499, are cited in support of the contention made. In the first of these cases a receiver was appointed without notice to take charge of a great amount of property. The order was dated on April 11th, 1896, and the defendants were ordered to appear at the next term of court which commenced on July 13th thereafter, to show cause why the receivership should not be continued. This, the court held, gave the defendants no reasonable opportunity to show cause against the receivership. In the second of the above cases, too, a receiver was appointed without notice to petitioners, stock holders of a corporation. Upon seeking to have the order modified, the lower court refused to grant any stay of the proceedings whatever, unless the petitioners would desist from all opposition to the receiver, and yield instant and absolute possession of a large amount of property. The court held that the petitioners were not bound to move to set aside the order upon such terms. In the third of the above cases the court held that when the inquiry relates to the legal existence of the court, then it is not necessary to object to its jurisdiction, because ''in the very nature of things, it could not determine the question of its own power to act or exist as a court.'' The decision then proceeds to say that in all other cases objection in the lower court is necessary before a writ of prohibition will be granted, saying:

''But when the court has power to act in any case, its exercise of jurisdiction over the particular case must be brought to its attention by an objection of some kind be-

fore resort can be had to the extraordinary remedy of prohibition.''

The case at bar presents no such facts as were presented in the cases to which reference has been made, and it is apparent that Hill v. Tarver, supra, is clearly against the contention of petitioners. True, the petitioners here had no opportunity to object to the order citing them to appear in court for the purpose of submitting to interrogation, but we have found no case where such order alone has been deemed sufficient to excuse the parties from objecting in the lower court. That order deprived the petitioners of no right; it simply initiated certain proceedings. Every proceeding is ordinarily commenced ex parte in the same sense in which the proceeding involved in this case was commenced ex parte. A petition, for instance, is filed and a summons issued against a party before any notice thereof is given. The opportunity to appear exists after the service of the summons. So the opportunity to appear existed in the case at bar after the service of the citation. In fact, the contention here made is completely answered by the case of State ex rel First National Bank v. District Court, supra. In that case a receiver was appointed without notice, and still the court refused to grant the writ of prohibition on the ground that no objection to the jurisdiction had been made in the court below. Other similar cases are Ex parte McMeechien, 12 Ark. 70; Ex parte City of Little Rock, 26 Ark. 52; Jennings v. Judge, 56 W. Va. 146; 49 S. E. 23; Board of Education v. Holt, 51 W. Va. 435; 41 S. E. 337; Colbreath v. District Court, 30 Colo. 488, 71 Pac. 387; Ex parte Hamilton, 51 Ala. 62; Adams County Court v. People, supra.

3. Again it is argued that no citation, as required by statute, was served upon the petitioners, and that hence the rule above mentioned does not apply. Our attention is called to section 6735, W. C. S. 1920, which provides that when a personal notice is required to be given, and no

mode of giving it is prescribed in the probate code, it must be given by citation. No mode as to giving notice, in order to bring parties before the court under sections 6831-6833 W. C. S. 1920, is pointed out, and hence section 6735, supra, doubtless applies. Section 6732, W. C. S. 1920, provides that:

"Citations must be directed to the person to be cited, signed by the clerk, and issued under the seal of the court, and must contain: 1. The title of the proceedings; 2. a brief statement of the nature of the proceedings; 3. a direction that the person cited appear at a time and place specified."

In this case a copy of the order of the court, certified as correct by the clerk, was served upon the petitioners. This did not, perhaps, strictly comply with the statute, and it is the contention that a strict compliance with the statute is essential in order to confer jurisdiction on the court. In 23 Cyc. 1075, the rule is stated to be as follows:

"A defect in the form or matter of the summons or other process not absolutely destructive of its validity, or an irregularity or defect in the service of it upon defendant, although material and sufficient to cause the reversal of the judgment on a proper application, does not deprive the court of jurisdiction, and therefore does not expose the judgment to collateral impeachment. But if the defect in the process is so radical that it amounts to no process at all * * * there is a want of jurisdiction and the judgment will be impeachable collaterally." See also 23 Cyc. 995.

Van Fleet on Collateral Attack, in considering in section 329 defects in process, states among other things as follows:

"Hence I conclude that the rule concerning process and service, collaterally, both at law and in equity, is that if information be given sufficient to warn defendant that a

judicial proceeding is pending against him in a particular court, and the proof of service is sufficient for the court to infer that he has such information, the proceeding by default will not be void. This is the rule deduced by me from all the cases.''

So, too, in 23 Cyc. 994-995, it is said:

''So also defects in the process so radical that it does not serve its purpose of notifying defendant of the suit and the time for proceeding in it will be ground for an injunction against the judgment, but not where the process is sufficient on inquiry as to the action, which inquiry he negligently fails to pursue.''

See also Town v. Greenlee & Harden, 63 W. Va. 207, 69 S. E. 601, 129 A. S. R. 971; Hollingsworth v. Barbour, 4 Peters 466, 7 L. ed. 922.

These authorities, while not involving the identical question involved in this case, make it doubtful that the objection now under discussion is to a defect jurisdictional in character, and we think that it should, in any event, have been first made in the court below. The case of Burge v. Justice's Court, 11 Cal. App. 213, 104 Pac. 581, is apropos. In that case it was said:

''Where improper issue of summons or improper service thereof appears, the remedy of the aggrieved party is by motion to quash the service, addressed to the court in which the action was commenced.''

4. It is next contended that this case does not come within the rule of State ex rel First Nat. Bank v. District Court, supra, for the reason that, as admitted by the demurrer, no application, under oath, as required by section 6831 W. C. S. 1920, was filed in the office of the clerk of the district court of Fremont County, Wyoming, although such application was presented to the judge of the said court before he issued the order for the appearance of petitioners;

that the filing of such application in the office of such clerk
was jurisdictional; that by reason of the demurrer herein,
the lack thereof appears of record, and that where the want
of jurisdiction appears on the face of the record, no objec-
tion to the jurisdiction need first be made in the lower court.
Defendants, on the other hand, contend that the filing of
such application in the office of the clerk was unnecessary.
We are not inclined to follow the contention of counsel for
the defendants. The court speaks only through its records,
(Stock v. Royce, 34 Neb. 833, 841; 52 N. W. 675) and we
think that a like rule applies in the case of a judge. What
the court in the case last cited said is applicable here:

"It is unreasonable to suppose that the lawmakers in-
tended so important a paper as the petition which is the
foundation of the proceedings, and without which the dis-
trict court or judge has no power or authority to act, need
not be made a matter of record."

Whether or not the *time* of filing the application required
by section 6831, supra, is jurisdictional, we need not de-
cide; but that it should be filed, and the persons cited to
appear thereafter given a reasonable time in which to file
whatever objections are desired to be filed, is required by
the plainest principles of justice. Without now deciding
the full scope of the provisions of sections 6831-34, supra,
we do not think that they were intended simply to subserve
the purposes of a pure "fishing bill." See State ex rel v.
District Court, 35 Mont. 318, 89 Pac. 62; People ex rel v.
Wyatt, 186 N. Y. 383, 79 N. E. 330, 9 Ann. Cas. 972, 10 L.
R. A. (N. S.) 159 (without committing ourselves to all that
was said therein). And we think that it was clearly con-
templated that the persons cited to appear should, in the
application, be duly informed of the things charged against
them, so that they can properly meet them.

The application presented to the judge of the lower court
is not, however, before us. He doubtless considered it suf-
ficient when he issued the order for the petitioners in this

case to appear before him. No motion was made, as could have been made, to dismiss or requiring the application to be filed immediately and to extend the time, if necessary, so as to give the petitioners opportunity to file the proper objections. Should we under these circumstances interrupt the regular judicial procedure, because of the mere fact that the application was not filed at a time when it should have been filed, or was unnecessarily kept from the files, and deprive the lower court of the opportunity of itself passing upon the objections? In view of the universal rule that writs of prohibition are not favored and are issued with caution, we think we are constrained to answer the question in the negative, even, though for the purposes of this case we assume that the filing of such application before or immediately upon, or at the proper time in connection with the making of the order of the court or judge was jurisdictional. The rule in West Virginia appears to be as contended by counsel for the petitioner, namely, that where a court attempts to proceed without any jurisdiction whatsoever, apparent on the face of the record, petitioner may apply to the Supreme Court in the first instance for a writ of prohibition as a matter of right. Marsh v. O'Brien 82 W. Va. 508, 96 S. E. 795. But the West Virginia cases are not applicable here, for the reason that this holding is under a statutory provision radically modifying the common law rule, and providing that prohibition lies in all proper cases whether any other remedy exists or not. Norfolk & Western Railway Company v. Pinnacle Coal Company, 44 W. Va. 574, 30 S. E. 196, 41 L. R. A. 414. Most of the courts have undoubtedly laid down the rule, as claimed by counsel for petitioners, that where the want of jurisdiction appears on the face of the record, it is not absolutely essential to raise any objection in the lower court. But we do not read the cases to mean that a writ of prohibition issues as a matter of right whenever such want of jurisdiction so appears. The Missouri Court of Appeals in the case of State ex rel v. Riley, 127 Mo. App. 469, 105 S. W. 696 con-

strues the holding of the Supreme Court of that State on the question under consideration as follows:

"But the rule (of objecting in the lower court) has been qualified, if not changed by recent decisions of the Supreme Court, the purport of which is that when the lack of jurisdiction in the lower court is apparent on the face of the proceedings, it is not fatal to an application for prohibition that no plea to the jurisdiction has been made without avail in said court. This proposition was thoroughly discussed in State ex rel v. Eby, 170 Mo. 497, 518, 71 S. W. 52 and was also passed on in State ex rel v. Aloe, 152 Mo. 644. The effect of these, and perhaps of other recent decisions, is that the refusal to grant prohibition until the lower court has overruled the plea to its jurisdiction, is rather a discretionary matter of practice in the supervising court than a condition precedent to the issuance of the writ; and hence, where want of jurisdiction is palpable, the failure to raise the question below does not necessarily hinder the superior court to interfere, though it may refrain from doing so until an application is made in the lower court."

A writ of prohibition was issued in the case of People ex rel v. District Court, 29 Colo. 182, 68 Pac. 242, although no objection was made in the lower court, on the ground, first, because the want of jurisdiction appeared on the face of the record, and second, because public rights were involved, the court however, saying of the contention that objection should have been first made in the lower court the following:

"Ordinarily this argument is sound, and in cases involving only private rights we think we should, in the exercise of judicial discretion, refuse the writ under such circumstances."

We have examined numerous cases in which objection in the court below has been held unnecessary. Some of the

courts, it is true, have readily granted the writ, without such objection, where it was clear, upon the face of the record, that the lower court lacked jurisdiction to act at all, either in a particular case or even as to a particular matter in a case, or because of want of power to act over certain classes of cases. This is true also in cases where it has been apparent that objection in the court below would be unavailing, or where some other special or equitable reason existed. Not all of the cases can, perhaps, be reconciled, and some courts seem to be more liberal in granting the writ than others. Still, we have searched in vain for a case anything like that at bar, where the lack of objection in the court below has been excused. The only case which we have found that bears any analogy to the case at bar on the point now under consideration is State ex rel Scollard v. District court, 47 Mont. 282, 132 Pac. 21. In that case, as in this, it was alleged, among other things, that certain papers had not been filed. It appears that the lower court claimed jurisdiction by virtue of a change of venue of a divorce action from Gallatin county, and had issued and caused to be served upon relator an order commanding him to appear before said court and show cause why he should not be required to pay alimony. It was alleged in the petition for prohibition that the said court was without jurisdiction in the premises, because the files and papers in said cause had never been transmitted to said court, and because the order of the district court of Gallatin county, granting the change of venue was stayed, and pending such stay the action had been dismissed. The Supreme Court of Montana denied the application of the relator for a writ of prohibition for the reason that no objection had been made in the court below. There was certainly much more reason for granting the writ in that case without previous objection than there would be in the case at bar. It is true that it is alleged herein that the estate of J. A. Delfelder is insolvent; that it would be a great hardship to compel the petitioners, particularly in view of the fact that there are four of them,

to attend upon the court and submit to an examination. While, perhaps, that is a matter to be taken into consideration by this court in exercising its discretion in granting or refusing the writ, it cannot be controlling, and we think that in the case at bar it is rather a matter to be addressed to the lower court, at least in the first instance. The statute, mentioned above, authorizing the citation for the appearance of parties to be examined should, of course, not be used as a means of oppression. But we think—assuming that jurisdiction is acquired—that a certain discretion is vested in the lower court, which we have no reason to think will be abused. If it is true that all four of the petitioners are sought to be examined in reference to the same property, which seems likely, the court no doubt would, upon a proper showing being made, have the authority to accept, for instance, temporarily or permanently, the sworn answer of some or all of the petitioners, without further examination, so as to avoid undue hardship. See Gick v. Stumpf, 113 App. Div. 16, 98 N. Y. S. 961, 963. But these are matters not now properly before us, and hence we can not definitely decide them.

The time for appearance fixed in the order of the judge of the district court above mentioned has passed, but we think the action herein has been brought in good faith, so that the petitioners herein should not be held as for contempt for failure to appear at the time so fixed, and the lower court should fix a reasonable time for the petitioners herein to appear before it and make such objections or file such pleadings as they deem proper.

For the reasons indicated, the demurrer filed herein must be sustained.

POTTER, Ch. J., and KIMBALL, J., concur.

NOTE—See Headnotes (1) 32 Cy. p. 626; (2) 32 Cyc. p. 624; (3) 23 C. J. p. 1186; (4) 32 Cyc. p. 624; (5) 15 C. J. p. 979; (6) 23 C. J. p. 1187 (1926 Anno); (7) 32 Cyc. p. 624; (8) 32 Cyc. p. 599; (9) 32 Cyc. pp. 624, 629; (10) 23 C. J. p. 1187; (11) 13 C. J. p. 10.