UNITED STATES of America, Plaintiff-Appellee,

v.

Samson EISNER (Principal) and United Bonding Insurance Co. (Surety), Defendants-Appellants.

No. 15125.

United States Court of Appeals Sixth Circuit.

March 25, 1964.

Joseph C. Healy, Covington, Ky., Howell W. Vincent, Covington, Ky., on brief, for appellants.

George H. Logan, Asst. U. S. Atty., Louisville, Ky., William E. Scent, U. S. Atty., on brief, for appellee.

Before MILLER and O'SULLIVAN, Circuit Judges, and TAYLOR, District Judge.

PER CURIAM.

This is the third time this case is before this Court.

In Eisner v. United States, 297 F.2d 595, C.A.6th, cert. denied, 369 U.S. 859, 82 S.Ct. 947, 8 L.Ed.2d 17, we affirmed the judgment of the District Court, finding the defendant-appellant Eisner guilty of receiving and concealing stolen goods transported in interstate commerce.

In United States v. Eisner, 323 F.2d 38, C.A.6th, the appeal was from the judgment of the District Court granting the Government recovery in full on a $5,-000.00 bail bond pending appeal executed by the defendant-appellant and the appellant, United Bonding Insurance Co., as surety thereon. It was claimed by the Government that the bond was forfeited by reason of the failure of the defendant-appellant to surrender himself to the United States Marshal after affirmance of the judgment. The District Judge was apparently of the opinion that the failure to surrender, even in the absence of a court directive to do so, was sufficient to constitute the forfeiture. We disagreed, holding that the Government was entitled to a recovery if it was shown that the defendant-appellant had failed or refused to surrender himself *upon order of the District Court* following the affirmance of the judgment by the Court of Appeals and the issuance of the mandate, but that, by reason of the wording of the bond, mere failure of the defendant to immediately surrender himself to the Marshal in the absence of a directive of the Court to do so did not constitute a forfeiture of the bond. It was pointed out in the opinion in that case that there was no evidence in the record to support the Government's contention that Eisner was called upon by the Court to surrender himself and refused to do so. The Government contended that evidence to that effect was presented to the District Judge in a hearing on Government's motion for bond forfeiture held on April 20, 1962, following which the bond forfeiture was ordered. However, the record did not show what evidence, if any, was introduced at that hearing. The Government was given the opportunity to file a supplemental record showing what transpired at the bond forfeiture proceedings.

Utilizing that opportunity, the Government has filed a supplemental record consisting of the affidavit of the Assistant United States Attorney who handled the bond forfeiture proceedings. The affidavit states that to the knowledge of the affiant the bond forfeiture proceedings were not transcribed by the court reporter, and then gives his own recollection of what occurred. The substance of the affidavit is that the argument centered upon ap-

pellants' contention that the breach was not intentional, and at no time was it discussed or contended that the defendant did not breach the condition of the bond by failing to surrender without order of Court.

■ The supplemental record does not show that any formal written order directing the defendant to surrender was entered by the Court. Apparently, none was entered. There is no evidence that the District Judge directed the entry of such an order, which, through some error, was not entered, and it is not claimed that he did. A court of record speaks only through its records. Schmidt v. Esquire, Inc., 210 F.2d 908, 914, C.A.7th, cert. denied, 348 U.S. 819, 75 S.Ct. 31, 99 L.Ed. 646; State ex rel. Chapman v. Urschel, 104 Ohio St. 172, 178–179, 135 N.E. 630; Unterstein v. Stapleton, Judge, Ky., 346 S.W.2d 42; Baumgarten v. Frost, 143 Tex. 533, 186 S.W.2d 982, 159 A.L.R. 428, 433; State ex rel. Poston v. District Court, 31 Wyo., 413, 227 P. 378, 35 A.L.R. 1082, 1087. The motion for bond forfeiture contains the statement that the United States Marshal requested defendant's attorney to have the defendant surrender himself to the Marshal, which statement was denied by the defendant. The supplemental record does not contain any affidavit of the Marshal or Deputy Marshal in support of this contention.

■■ We are of the opinion that the supplemental record does not meet the burden resting upon the Government to show that the defendant failed or refused to surrender himself *as directed by the court*. As stated in our earlier opinion, "Bail bonds, which do not always use the same language, are to be strictly construed in favor of the surety and no recovery should be had upon such a bond except upon a clear showing of liability under its express conditions." (Cases cited.)

The judgment of the District Court is reversed and the case remanded with directions to enter judgment for the appellants.