**Stanley H. SWIFT and Marion Swift, Plaintiffs-Appellants,**

v.

**J.A. FRUEHAUF, a/k/a Janet Allen Fruehauf, Defendant-Appellee.**

No. 85–1216.

United States Court of Appeals, Sixth Circuit.

Submitted June 5, 1986.

Decided Sept. 23, 1986.

Stanley H. Swift, Marion E. Swift, Gaylord, Mich., for plaintiffs-appellants.

J. Andrew Domagalski, Jeffrey D. Van-Leuwen, Richland, Mich., for defendant-appellee.

Before KEITH and BOGGS, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

Plaintiffs, Stanley and Marion Swift, appeal from the district court order dismissing their action because plaintiffs' amended complaint created new indispensable parties, whose presence destroyed complete diversity. We find nothing in the record to indicate that the plaintiffs ever filed an amended complaint or that they were granted leave to do so. Thus, the district court's order—based on the finding that plaintiffs' motion for leave to amend was granted—is clearly erroneous. We therefore reverse and remand to the district court.

Plaintiffs are lessors and defendant is lessee, of a gas well in Otsego County, Michigan. In 1981, plaintiffs filed a complaint in district court seeking an accounting, as to their interest only, in the gas produced by the well. The court referred the action to a magistrate, who acted as a special master under Fed.R.Civ.P. 53. The defendant moved for reconsideration or clarification of an earlier order, and, on August 2, 1981, the district court ruled that the other lessors with an interest in the well were not indispensable parties.

Plaintiffs subsequently filed a motion for leave to amend their complaint. The amended complaint would have expanded the accounting action to an action that would have required an interpretation of the underlying lease. The defendant objected to the motion, which was considered by the magistrate in a pre-trial conference held by telephone on August 18, 1982. The magistrate never entered a written order concerning this motion. However, there is evidence in the record that both parties

proceeded on the basis that the motion had been denied.[1]

On October 21, 1983—more than a year after the telephone conference—the magistrate, in response to defendant's motion to dismiss, issued a memorandum opinion which concluded that plaintiffs' motion for leave to amend had been granted, and that the amended complaint had been filed. The magistrate therefore recommended that the complaint be dismissed since it required the joinder of indispensable parties and destroyed diversity. The district court adopted the magistrate's memorandum and recommendation and entered an order dismissing the action. Plaintiffs appeal to this Court from that order.

The record contains no basis to support the magistrate's conclusion in his October 21, 1983, memorandum that plaintiffs motion for leave to amend had been granted or that the amended complaint had been filed. Rather, the record indicates only that the magistrate may have orally denied the motion for leave to amend during the August 18, 1982, telephone conference, and that the parties acted accordingly. We agree with plaintiffs that any action taken by the magistrate with respect to the motion for leave to amend should have been evidenced by a written order, as contemplated by Fed.R.Civ.P. 16(e).[2] *See Handbook for Effective Pretrial Procedure*, 37 F.R.D. 255, 271 (1964).

Because we can find nothing in the record to indicate that plaintiffs' motion for leave to amend was granted,[3] or that an amended complaint was filed, we must conclude that the district court's order, adopting the magistrate's memorandum opinion and recommendation, is clearly erroneous. Accordingly, we REVERSE and REMAND to the district court with instructions to treat the plaintiffs' motion for leave to amend as being either denied or withdrawn, and to proceed on the basis of its August 2, 1981, order.

---

**1.** As evidence of the parties' reliance on the magistrate's statements, counsel for the plaintiffs wrote to opposing counsel on August 19, 1982: "As noted in the conference call, the Court denied the Motion to Amend, etc., and, therefore, the case will go on for a proper resolution." (App. 43) Similarly, in a supplemental trial brief, filed on June 7, 1983, counsel for the defendant stated: "The Court has previously denied Plaintiffs' Motion to Amend their complaint and hence, Plaintiffs' claim herein is limited solely to the accounting which Plaintiffs sought in their original Complaint." (App. 44)

**2.** We recognize the anomaly in the present case: Plaintiffs are here attempting to reap unexpected benefits from their defeat on a motion they had once earnestly pressed, while the defendant seeks to renounce the fruits of the victory gained by opposing the motion.

**3.** Even assuming that the magistrate had granted plaintiffs' motion for leave to amend during the telephone conference, it is questionable whether such action would have any legal effect without a written and filed order. *See Goldman v. Commissioner*, 388 F.2d 476 (6th Cir.1967); *United States v. Eisner*, 329 F.2d 410 (6th Cir. 1964).