961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Werner OSTEN; Ernesto Ostheimer, Defendants-Appellants.
 No. 92-1416.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1992.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Defendants appeal the order of the district court affirming their judgments and ten-month sentences for violations of 26 U.S.C. § 7206(1) in connection with the filing of their income tax returns for 1985, and denying their motion for correction or reduction of sentence pursuant to Fed.R.Crim.P. 35 and 36. Defendants assert a discrepancy between the oral sentences imposed by the district court on November 19, 1991, and the written judgments of commitment and sentence entered on November 21, 1991. Defendants content that the oral sentences provided for release as if on parole after service of one-third of their sentences pursuant to 18 U.S.C. § 4205(f), and argue that they are entitled to be released on or about April 16, 1992. The November 21, 1991, judgments make no provision for early release.
 
 
 2
 Defendants now seek release pending appeal and an immediate disposition of the appeal on the merits. The government opposes the release of the defendants, but does not object to the emergency motion for an immediate disposition of the appeal. As the facts and legal arguments are adequately presented in the brief and memoranda of the parties, we unanimously agree that oral argument is not necessary and grant the motion for immediate disposition of the appeal. See Fed.R.App.P. 34(a); Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 3
 In this Circuit, when there is a discrepancy between the orally imposed sentence and the written order of commitment and sentence, the written record controls. See United States v. Martin, 913 F.2d 1172, 1175 (6th Cir.1990) ("[T]he original journalized judgment ... made no reference to the alternative sentence and must therefore stand alone, independent of the dialogue that occurred between the parties during the sentencing hearing for the reason that courts speak only through their journal entries."); United States v. Eisner, 329 F.2d 410 (6th Cir.1964) ("A court of record speaks only through its records."); but see Wilson v. Bell, 137 F.2d 716 (6th Cir.1943). The defendants are not entitled to a correction of a clerical error in the judgments pursuant to Fed.R.Crim.P. 36 because the judgments correctly set forth the sentences imposed by the lower court. The district court's order denying the defendants' motion must be affirmed.
 
 
 4
 The November 21, 1991, judgments did not impose illegal sentences under Fed.R.Crim.P. 35. Similarly, the district court did not abuse its discretion by denying the defendants' request to reduce the sentences pursuant to Fed.R.Crim.P. 35(b). See United States v. Brummett, 786 F.2d 720, 723 (6th Cir.1980).
 
 
 5
 For the foregoing reasons, we grant defendants' motion for an immediate disposition of the appeal and affirm the order of the district court. The defendants' motion for release pending appeal is denied as moot.