JOHN W. ROSS, Administrator of JOHN CARSON, Deceased, Appellant, v. W. H. CARSON, Respondent.

Kansas City Court of Appeals, October 29, 1888.

Jurisdiction : PARTNERSHIP : DEBTS BETWEEN PARTNERS. One partner cannot owe his co-partner in matters of partnership during the pendency of the partnership; the debtor and creditor relation exists with the firm, and not with the individuals. The firm owes the partner, who may have advanced more than his proportion according to the partnership agreement. When the partnership is at an end, as by the death of one of the partners, there is yet no debt due from either to the other, until there has been a settlement and until the partnership debts have been discharged. These cannot be legally ascertained—certainly they cannot be legally discharged—except through the probate court.

*Appeal from Polk Circuit Court.*—HON. W. I. WALLACE, Judge.

AFFIRMED.

The case is stated in the opinion.

*T. G. Rechow*, for the appellant.

(1) The only question presented by this record is as to whether, upon the pleadings in this cause, the circuit court had jurisdiction. The contention of defendant that the circuit court has no jurisdiction over the subject-matter of this action is not tenable. This is an action by the administrator of deceased partner against the survivor for money advanced from time to time for the benefit of survivor, and merely asks an ascertainment of this amount and a judgment against the defendant. This is not a partnership debt, and the authorities

cited by respondent have no bearing on the question at issue in this case. But if this court should come to a different conclusion, then we submit that all these decisions were rendered under statutes where the probate court had exclusive jurisdiction. See Sess. Acts, 1866, p. 85, sec. 6. But since the act of 1877 establishing an uniform system of probate courts, the language in section six, Acts 1866, "shall have exclusive original jurisdiction," is dropped. The legislature evidently, in view of the decisions, intended to exclude the "exclusive original jurisdiction" conferred by the last-named act. That it has been so understood by the courts, see *Simpson v. Schulte*, 21 Mo. App. 639 ; *Cox v. Volkert*, 86 Mo. 505. In these cases, administrators were joined with other parties in circuit court. (2) That a court of equity is the proper tribunal to settle matters of account between partners needs no citation of authorities, but see *Scott v. Caruth*, 50 Mo. 120 ; *Church v. McElhiney*, 61 Mo. 540 ; *Bond v. Bemis*, 55 Mo. 524 ; *Church v. Robberson*, 71 Mo. 326 ; *Feurt v. Brown*, 23 Mo. App. 332 ; Story's Eq. [Ed. 1853] sec. 666. (3) The jurisdiction of the probate court is entirely inadequate to grant the relief to which plaintiff shows himself entitled in his petition.

*John D. Abbe*, for the respondent.

(1) The court committed no error in dismissing plaintiff's bill. The bill was filed, as shown by the evidence, less than a year after the death of John Carson, whose administrator brings the suit. Under the law, plaintiff is bound and held to know that the partnership estate was in administration, and that defendant was the administrator. R. S. 1879, secs. 57, 62, 63. If plaintiff has any claim, it is, in the first instance, a claim against the partnership estate. See *Leabo v. Renshaw*, 61 Mo. 294 ; Story on Partnership [5 Ed.] sec. 348a, and note 4 on said section. (2) By virtue of section 68, of Revised Statutes, administration of partnership estates shall in all respects conform to the administration of individual estates, except where there may be

some special provision made in the statute governing partnership administrations ; and the same section provides that a partnership administrator shall perform the same functions and duties, and be governed by the same limitations, restrictions, and provisions, etc., as other administrators. Until the partnership estate is fully settled, it cannot be determined how much shall be paid to either partner, either on account of a claim against the partnership, or by way of distribution. If the estate on settlement prove to be insolvent, the surviving partner may be compelled to, pay to creditors an amount largely in excess of what the deceased partner has paid in ; and, if this action is sustained, and judgment is, rendered against defendant for any sum, he will be in the condition of having paid on behalf of the partnership more than the deceased paid, and yet having a judgment rendered against him and in favor of said partner. (3) Under the statute, the probate court has jurisdiction, among other things, over settling accounts of executors and administrators, and by section 222 every administrator is required to make his settlements with the probate court. And, although in section 1176 the jurisdiction of the probate court is not expressly declared to be exclusive, yet, since our administration law has been in force, the case cannot be found in which the jurisdiction of a court of equity has been sustained or sanctioned as being original over any of the matters confided by section 1176 to the jurisdiction of the probate court. To sustain the jurisdiction of the court in this case will be to compel the surviving partner as an individual to make in this court a full showing—in fact, a full settlement—of all partnership matters, which is unreasonable and impossible. And then, at the end of his administration, he is required by law, as administrator, to make in the probate court a full and complete settlement, which involves a full and complete disposition of all partnership property. This will require substantially the same trial and accounting, so far as the same can be done, in two different courts, and neither

court will be bound by the action of the other. (4) In *Griswold v. Johnson*, 22 Mo. App. 466, the court substantially holds that if a party has a remedy in the probate court, he must resort to that court, and must exhaust his legal remedy there before resorting to a court of equity. The claim in this case is a claim against the partnership estate, but plaintiff has not sued the estate, nor has he brought the administrator, as such, into any court. *Ensworth v. Curd*, 68 Mo. 282 ; See, also, as to the question of jurisdiction, *Titterington v. Hooker*, 58 Mo. 593 ; *Pearce v. Calhoun*, 59 Mo. 271 ; *Wernecke v. Kenyon*, 66 Mo. 284 ; *Hammons v. Renfro*, 84 Mo. 341 ; *Caldwell v. Hawkins*, 73 Mo. 453 ; *French v. Stratton*, 79 Mo. 560 ; *Bauer v. Gray*, 18 Mo. App. 174 ; *Davis v. Smith*, 75 Mo. 219. (5) Nearly all of the cases cited by appellant are between living parties, and none of them are applicable to this case. (6) Whether the jurisdiction of the probate court is adequate or not, it is the court which the law has provided to determine such cases as this. The court did right in dismissing plaintiff's bill.

ELLISON, P. J.—This action is a bill in equity whereby the administrator of the estate of John Carson sues defendant, the surviving partner of the deceased, claiming that the deceased had furnished all the capital in the hardware and milling business, except such as was paid out of partnership earnings, etc. The bill alleged an indebtedness of defendant, due plaintiff, in the sum of six thousand dollars, and contains a prayer for an accounting, and that he have judgment, and be declared to have a lien on the partnership property for whatever might be found by the court as due him, and for other relief.

The answer was a denial of the material portions of the bill, and set up, in addition, that defendant was surviving partner of John Carson, and, as such, was then administering the partnership effects in the probate

court of Polk county. The cause was referred to a referee, who afterwards made a finding in favor of plaintiff in the sum of twelve hundred dollars, and filed his report accordingly. Defendant filed exceptions to the report; among the exceptions was this: "Because neither the referee nor this court had or have jurisdiction in this case." This exception was sustained, and the court dismissed the bill, and plaintiff appeals.

I think the circuit court determined the case properly. One partner cannot owe his co-partner in matters of partnership during the pendency of the partnership. The debtor and creditor relation exists with the firm, and not with the individuals. The firm owes the partner who may have advanced more than his proportion according to the partnership agreement. And so when the partnership is at an end, as by death of one of the partners, there is yet no debt due to either from the other until there has been a settlement. Story on Part., sec. 348*a*, and note ; *Leabo v. Renshaw*, 61 Mo. 292. It is warrantable to say that nothing can be due either partner from the partnership effects, no matter how unequally either may have contributed to the partnership fund, until the partnership debts have been discharged. These cannot be legally ascertained—certainly they cannot be legally discharged—except through the probate court. If they can, we must hold that the circuit court has concurrent jurisdiction with the probate court in the administration of estates, a proposition that will doubtless not be contended for.

The judgment is affirmed. All concur.