STATE OF MISSOURI EX REL., JOHN EDWARD CONE, RELATOR, v. LESLIE A. BRUCE, JUDGE, ETC., RESPONDENT.—55 S. W. (2d) 733.

Kansas City Court of Appeals. November 21, 1932.

*Russell Garnett,* for relator.

*M. D. Aber* for respondent.

TRIMBLE, P. J.—Herein relator applied for a writ of prohibition directed to Leslie A. Bruce as Judge of the Circuit Court of Johnson County, Missouri, to prevent him from proceeding further in a citation issued by him against relator for contempt.

Our preliminary rule to show cause why the writ should not issue was served upon respondent, who, in due time, made return thereto. A reply to the return was filed by relator in which the legal propositions in the return are denied and certain matters are alleged, tending to show no contempt was exercised or intended. A motion to quash the preliminary rule was filed.

The grounds stated in the petition for the writ are that on November 19, 1930, Floy Anne Cone, wife of John Edward Cone, filed in

said Johnson County Circuit Court her petition for divorce and made application to the respondent as judge of said court for an order touching the care and custody of the infant child of said marriage sought to be dissolved, John Allen Cone, (said child being then aged about one year), and on April 14, 1931, an order was made by respondent as such judge, awarding the care and custody of said minor child, John Allen Cone, to Bertha Milbourn, (who, it appears from other documents and pleadings filed herein, is the mother of Floy Anne Cone and, of course, the grandmother of said infant).

That on December 10, 1931, Relator John Edward Cone, defendant in the divorce action, applied for a change of venue based on the alleged bias and prejudice of Judge Bruce, which application was on the 25th day of February, 1932, heard by the Johnson County Circuit Court (Judge Bruce), the record reciting that "the said application is taken up and *by agreement of parties* the court will call in Judge Dimmitt Hoffman, Judge of the Thirtieth Judicial Circuit *to try said cause*" . . . and this cause is transferred to Judge Dimmitt Hoffman, "of the Pettis County Circuit Court, who was to, and did, sit in Johnson County;" that on April 28, 1932, Judge Dimmitt Hoffman heard the petition and cross-bill in said divorce case and took the same under advisement until May 5, 1932, when he rendered judgment dismissing both petition and cross-bill; but the clerk failed and neglected to enter said judgment on said records; that on the 22nd day of June, 1932, Judge Bruce issued a citation or order to relator (defendant in said divorce action) to appear before him, said Judge Bruce, in the Circuit Court of Johnson County, at 10 A. M. on Friday, June 24, 1932, to show cause why petitioner should not be adjudged guilty of contempt for interfering with the custody of John Allen Cone, the infant hereinbefore mentioned, which citation recited among other things, the order of April 14, 1931, awarding the custody of the said infant child, John Allen Cone, during the pendency of said litigation to Bertha Milbourn, mother of the plaintiff, Floy Anne Cone, which order was duly recorded on the records of said court in Book B, at page 481; that said litigation has not yet terminated, and in disobedience to said order as to such custody, said John Edward Cone "did on June 18, 1932, wilfully and maliciously take, remove and abduct said infant child from the care and custody of (Bertha Milbourn) mother of Floy Anne Cone, against her will and without her consent and without any order of court."

The petition further charged that relator, in answer to said citation, appeared before Judge Bruce, in person and by counsel, and prayed for time to be granted him within which to file a return to said citation, whereupon said Judge Bruce made an order "wherein it

requires your petitioner (relator) to restore said child to Mrs. Bertha Milbourn within twenty-four hours.'' A certified copy of the record of said order (which relator vouches for, since he filed it as an exhibit herein), recites that ''said John Edward Cone *asks for and is granted* until July 18, 1932, to plead. The court at this time takes up matter as to custody of minor child during the pendency of this matter, and orders John E. Cone that he restore said minor child to Mrs. Bertha Milbourn within twenty-four hours.''

The petition or application for the writ further states that the order as to restoration of custody of said infant to Mrs. Milbourn ''is unlawful and void and made without any authority or jurisdiction of the said Leslie A. Bruce whatsoever;'' that said Judge Bruce had no jurisdiction or authority in said divorce proceeding at the time he made said citation for contempt ''the same having been fully tried and heard by the Honorable Judge Dimmitt Hoffman aforesaid;''

The petition for the writ also set up that, (the clerk of the Johnson Circuit Court having failed and neglected to enter the judgment of May 5, 1932), on the *24th day of June*, 1932, by order of Judge Hoffman, the clerk of said Johnson County Circuit Court entered said judgment as, and of, the date of May 5, 1932.

It was also alleged that Judge Bruce was divested of any jurisdiction regarding the care and custody of said minor child at the time of the granting and awarding of said change of venue and ''that said order was made without any authority or any jurisdiction by the said Judge Leslie A. Bruce touching the care and custody of the said minor child;'' that relator is threatened with a further contempt proceeding unless he submits to the unlawful jurisdiction of the said Judge Leslie A. Bruce, and for that reason he has no adequate remedy at law.

The petition further alleged that on June 20, 1932, and long after Judge Hoffman rendered his decision denying plaintiff a divorce and denying defendant any relief on his cross-bill, relator filed a petition for divorce in the Saline County Circuit Court against Floy Anne Cone, and summons was issued for her, directed to the sheriff of Johnson County, Missouri, and lawfully served upon her on June 21, 1932, and said case is now pending in the said Circuit Court of Saline County, and is based on misconduct of said Floy Anne Cone, entitling relator to a divorce, committed after the adjudication by Judge Hoffman as aforesaid, and it is prayed the care and custody, of said minor child, who is now in the care and custody of relator; that the proceeding before Judge Bruce wherein it is sought to have relator adjudged guilty of contempt did not, and would not, bestow on Judge Bruce any jurisdiction to award the care and custody of

said child to said Bertha Milbourn and said order to restore said child to her custody is an unlawful interference with, and encroachment upon, the authority and jurisdiction of the Circuit Court of Saline County.

The application or petition for the writ was filed June 25, 1932.

The respondent's return was filed on September 23, 1932, and after admitting that he was Judge as charged in the petition and that from and after November 19, 1930, the divorce action above mentioned was pending in said Johnson County Circuit Court, said return set up that in the exercise of respondent's jurisdiction as judge of said court, he made an order, after a full hearing, directing that the custody of the infant child, John Allen Cone, be given to Mrs. Bertha Milbourn, mother of the plaintiff therein, who was found by respondent to be a fit person to have such custody, and that it was for the welfare of said child that he should be in her custody, which said order provided that the defendant in said divorce case (relator herein) should have the right to visit and see said child at any and all reasonable times, and which order continued and remained in force during the further pendency of said action.

Said return further admitted that upon the filing of an affidavit by relator herein, in said divorce cause, charging ''bias and prejudice of respondent herein,'' the cause was transferred to Judge Hoffman of the Thirtieth Judicial Circuit, ''for the trial of the issues in said cause, said trial to be in the Circuit Court of Johnson County, Missouri, with Judge Hoffman presiding;'' that the trial of the issues in the divorce case was heard April 28, 1932, and was taken under advisement by Judge Hoffman.

The return, however, denied that Judge Hoffman on the 5th day of May, 1932, rendered judgment in said cause, but states that on April 29, 1932, respondent in the exercise of his power and authority as judge of the Circuit Court of Johnson County, adjourned said court from its then February term, to court in course, the next term of which convened on June 13, 1932, and that thereafter and during said term, to-wit, on June 29, 1932, Judge Hoffman appeared in person in the Circuit Court of Johnson County and rendered his judgment in said divorce action, dismissing both petition and cross-bill. (Nothing was said in said judgment as to the care and custody of said child.)

That prior to said June 29, 1932, and during the pendency of said cause, and while the aforementioned order concerning said child, made by respondent in the exercise of said jurisdiction as judge of said court, was in force, to-wit, on June 18, 1932, ''in direct and contumacious contempt of the said order directing that the custody of said infant child, should remain in the said Mrs. Milbourn, the

defendant, John Edward Cone, plaintiff herein, forcibly abducted and took into his own custody the said infant child and denied to the said Mrs. Milbourn his care and custody, to which she was entitled under the order of the court whereof the respondent is the judge.''

That thereafter on Wednesday, June 22, 1932, upon information given the respondent of the said contempt of said order, the respondent on said last named date issued the citation for contempt mentioned in the application for the writ.

That thereafter the defendant in said divorce cause (relator herein) informed Judge Hoffman that the clerk of the Johnson County Circuit Court had failed, neglected and refused to enter judgment in the case of Cone v. Cone on or about May 5, 1932, but did not tell him that respondent herein had, prior to that time, pursuant to his authority in the premises, adjourned said term and that May 5, 1932, was in the vacation of said Johnson County Circuit Court, and thereby obtained from said Judge Hoffman an order on said Johnson Circuit Clerk to enter the judgment in Cone v. Cone as of said date of May 5, 1932, and that on the effect and authority of said pretended judgment so entered in vacation, relator obtained the provisional writ.

That the order awarding the custody of the infant child was not the order of the respondent as an individual, but was the order of the Circuit Court of Johnson County, a court of general jurisdiction then and at the time having jurisdiction of the action pending in said court, and that said order was made pursuant to the exercise of the general jurisdiction of said court over the *res* in said cause; that the jurisdiction of said Circuit Court of Johnson County continued over the subject-matter and over the entire *res*, part of which was the determination of the marital status of the parties, and, as ancillary thereto, the custody of the infant child; that the jurisdiction of said circuit court was in no way affected by the identity of the individual who might at any time be exercising the functions of a judge thereof; that the contumacious violation of the order, and the contempt charged against relator was not an affront to the individual exercising the functions of a judge, but was a contempt and offense against the Circuit Court of Johnson County.

That in the performance of his duty as judge of the Circuit Court of Johnson County respondent heard the proof offered by the respective parties touching the matter of the custody *pendente lite* of the infant child, John Allen Cone; that it appeared from the evidence, and the respondent judge so found, that Mrs. Bertha Milbourn has had the care and has been in virtual charge of said child from its birth, that she is a woman of character and discretion, and that it was for the best interest of said infant, then about one year of age,

that it remain in her custody; that said finding and judgment so made and rendered at the February Term, 1931, of the Circuit Court of Johnson County, and was acquiesced in by the defendant in that action, John Edward Cone, and was not appealed from, and that during the intervening time until June 18, 1932, relator availed himself of the right of visitation reserved to him in said judgment.

As hereinbefore stated, a reply was filed to the respondent's return, but only certain legal conclusions and implications were denied, and other matters were stated which were proper to be offered as a *defense* in the citation proceeding for contempt. Hence the allegations in conflict with, or in addition to, the statements in the petition, stand admitted or can be treated as a matter of law. [State ex rel. v. Shelton, 238 Mo. 281, 286.] Examining the record as thus made by the petition and return, it is clear that relator is the regularly elected judge of the Circuit Court of Johnson County, Missouri; that on November 19, 1930, suit for divorce in the case of Cone v. Cone was filed and an order was prayed making disposition of the child as to its care and custody, and that upon a hearing properly had, said court on April 14, 1931, adjudged the care and custody of said infant child (then less than a year old) to Mrs. Bertha Milbourn, the child's grandmother. This was acquiesced in by relator and he was given, and had, opportunity to visit said child, and the child remained in her said custody until June 18, 1932.

After the care and custody of the child had been thus adjudged, an affidavit or application for a change of venue based upon the alleged bias and prejudice of Judge Bruce, was filed, but pursuant to the terms of Sec. 911, R. S. Mo. 1929, a change of venue was not awarded but Judge Hoffman of the 30th judicial circuit was agreed upon and called in to "try the case."

The matter rested thus in the Johnson County Circuit Court until April 28, 1932, when Judge Hoffman appeared and, the parties being ready, Judge Hoffman proceeded to try the case and at the close of the trial "took the case under advisement." The regular judge then proceeded to finish the term and on April 30, 1932, adjourned the court from its February term to "court in course" which was the June term of said year.

On May 5, 1932, Judge Hoffman in Sedalia, (pursuant to an agreement that he need not return to Warrensburg, where the Johnson Circuit Court is held, in order to render judgment), sent his finding, directing judgment in accordance therewith on the merits of the divorce case he had tried; but as Court had been adjourned to court in course, the clerk did not enter judgment because it was in vacation, but held it until either of the parties litigant might, in term time, move its entry on the record, as provided by the agreement of

the parties. The June term of the Johnson Circuit Court met on June 13, 1932. On June 22, 1932, verified information was filed· before Judge Bruce in the Circuit Court of Johnson County charging that on June 18, 1932, relator had wilfully and maliciously violated and held in contempt the order and judgment of said circuit court as to the custody of the child (rendered by Judge Bruce as judge of the Circuit Court of Johnson County, before the selection of Judge Hoffman to try the merits of the divorce case), by wrongfully, contemptuously and forcibly taking said child, the custody of which had been awarded to Mrs. Milbourn, away from such custody and carrying the child out of the county, and denied her the care and custody thereof. Upon this, the citation for contempt was issued, to which relator appeared, and without denial of the charge of taking the child, asked for time and was granted until June 18th, but said relator on June 24, 1932, obtained the provisional writ in prohibition from our court; that afterward on June 29, 1932, Judge Hoffman appeared in the Circuit Court of Johnson County and rendered final judgment in said divorce case merely dismissing both the petition and cross-bill.

It therefore appears that while said divorce action was still pending, and without any change of, or order concerning, the custody of said child, the relator took said child from the custody of Mrs. Milbourn and carried it into Saline County and there brought his suit for divorce. (Whether any facts exist which would give the Circuit Court of Saline County jurisdiction in such divorce suit does not appear.)

Although there was a change of judges to try the case in the Johnson Circuit Court, there was no "change of venue" from one court to another. Sec. 911, R. S. Mo. 1929 provides that in the situation herein disclosed "a change of venue shall not be awarded to another county." And, strictly speaking, a "change of venue" means a transfer of a cause from one court to another. [Section 906, R. S. Mo. 1929.] "To 'change the venue' is to transfer the cause for trial to another county or district." [Black's Law Dictionary, p. 1214.] So that it was the Circuit Court of Johnson County that at all times had jurisdiction of the divorce case of Cone v. Cone, and the judgment as to the custody of the child had long before been made by said court, Judge Bruce sitting, when he had jurisdiction to render said judgment and which had been acquiesced in by all parties and had become final. As he was the judge who had made the order as to the care and custody of said child, he it is who is invested with jurisdiction to prevent any violation of, or interference with, that order. [State ex rel., v. Buckner, 47 S. W. (2d) 256; Newton v. Newton, 32 Mo. App. 152.] The contempt charged is not a personal

contempt of either one of the judges who functioned in the case, but of the Johnson County Circuit *Court* of which Judge Bruce is not only the regularly elected judge, but the judge who made the order charged to have been flouted and disobeyed. [Kissel v. Lewis, 61 N. E. 209.]

In our view the cases cited by relator are not deemed to be in point. They are cases where a "change of venue" was strictly taken and where the *whole* case, and everything pertaining to it, went to another court and judge, leaving no further jurisdiction whatever in the court or judge from whence the case was taken, and in many of which the order or judgment charged to have been condemned, was not made by the judge who assumed to move in the contempt case. But in one of the cases cited by relator, State ex rel., v. Wear, 129 Mo. 619, there is a holding that supports the ruling herein to some degree, namely, that when a judge of another court is called in to try the case, "his jurisdiction attaches *from the time of his appearance* until the final determination of the cause." Since Judge Hoffman did not acquire any jurisdiction until long *after* the order and judgment of Judge Bruce was made, there would be no jurisdiction anywhere to punish for contempt in disobeying that order if it is not in the regular judge who made the order, or his successor in office.

A number of matters are raised by relator which it seems to us are not pertinent to this proceeding in prohibition. For instance, it is asserted, among other things, that relator did not know that the finding of Judge Hoffman of May 5, 1932, was not valid and binding, at the time the child was taken. This, and perhaps other things relied upon, would seem to be matters of defense in the hearing on the contempt charge and not relevant here. It may perhaps be well to say that, in what we have said in this opinion, we have carefully endeavored to refrain from expressing any opinion or intimation as to whether relator has been guilty of contempt under all the circumstances. Neither what we have said, nor our disposition of this proceeding, must be taken or considered in determining that question, because that is solely, at this time at least, for the determination of the trier of such question.

The writ of prohibition is a common-law writ of very ancient origin, and while we have a number of statutes in reference to prohibition, we are aware of none that broaden the principles governing the scope or the exercise of the writ. It is to be used with great caution and forbearance. Nor will it be issued in a doubtful case. Its principal purpose at present is to prevent a court inferior in authority, or other tribunal, from assuming a jurisdiction with which it is not legally vested. [22 R. C. L., pp. 4-7, Secs. 3-5.] It cannot go unless the trial court has exceeded, or is about to exceed, its juris-

diction. [State ex rel. v. Wurdeman, 304 Mo. 583, 264 S. W. 402.] Where the court whose action is sought to be prohibited *clearly* has no jurisdiction over the matter the applicant therefor is entitled to the writ as a matter of right, unless the application is made by a stranger to the record in which case the granting or refusal of the writ is discretionary. [22 R. C. L., *supra.*]

In the light of the foregoing principles, and of the record presented, and our consideration thereof as hereinabove shown, we are of the opinion that the motion to quash the preliminary writ should be sustained and the peremptory writ denied. It is so ordered. All concur.