**STATE of Wyoming ex rel. S. E. POWELL, Petitioner,**

v.

**John P. ILSLEY, District Judge, and the District Court, Seventh Judicial District, Natrona County, Wyoming, Respondents.**

No. 3229.

Supreme Court of Wyoming.

Dec. 27, 1963.

Raymond B. Whitaker and Jerry A. Yaap, Casper, for petitioner.

Addison E. Winter and Robert Jerry Hand, Deputy County and Prosecuting Attys., Casper, for respondents.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

An alternative writ of prohibition was issued by this court to the District Court of

Natrona County, Seventh Judicial District, and to District Judge John P. Ilsley, upon a verified petition of S. E. Powell who stands convicted in that court of aggravated robbery. The question now is whether the writ should be made permanent or whether the alternative writ should be quashed and held for naught.

The record and other information presented to us indicate Powell has been tried before a jury; that a verdict of guilty was returned by the jury; that a motion for new trial has been denied; that sentence has been imposed by the trial court; and that notice of appeal has been filed by the defendant.

In consequence of this, it appears neither the court nor the judge named in the alternative writ has any further function to perform in the trial of defendant, and therefore a writ of prohibition is not proper. The writ of prohibition is granted to prevent action and not to undo what has already been done. State ex rel. May v. Ausherman, 11 Wyo. 410, 72 P. 200, 204, rehearing denied 73 P. 548; State ex rel. State Tax Commission v. First Judicial District Court, 69 N.M. 295, 366 P.2d 143, 145; O'Brien v. Olson, 42 Cal.App.2d 449, 109 P.2d 8, 14.

Moreover, the writ of prohibition is discretionary and not a writ of right. It should ordinarily be used with caution and not issued in a doubtful case. State ex rel. Poston v. District Court of Eighth Judicial Dist., Fremont County, 31 Wyo. 413, 227 P. 378, 382–383, 35 A.L.R. 1082; State ex rel. Cone v. Bruce, 227 Mo.App. 631, 55 S.W.2d 733, 737. See also State ex rel. Jones v. District Court of Ninth Judicial Dist., 37 Wyo. 516, 263 P. 700, 703; and City of Sheridan v. Cadle, 24 Wyo. 293, 157 P. 892, 895

### Some Doubtful Aspects

In the instant case, petitioner claims he was entitled to 30 days after his arraignment and after a trial date had been set within which to file an affidavit of prejudice against the presiding judge. This claim is based upon counsels' interpretation of § 1–59, W.S.1957, which provides that when a change of judge is demanded, the affidavit for such shall be filed not later than 30 days prior to the trial of the case, and that otherwise, the change of judge shall not be granted.

Powell filed an affidavit of prejudice against Judge Ilsley only 20 days before the commencement of his trial. He now contends Judge Ilsley was thereafter without jurisdiction and that a writ of prohibition should issue. We think, however, that aside from the action being completed which petitioner seeks to prohibit, the right to prohibition is rendered doubtful by reason of the following considerations which have come to our attention from the record of proceedings in the trial court:

1. A codefendant with Powell, Jackie Ray Hargrove, filed an affidavit of prejudice against T. C. Daniels and Franklin B. Sheldon, both judges of the Seventh Judicial District, and the case was assigned to Judge Ilsley, a district judge from another district. As we understand the record, Powell acquiesced in this application for change of judge. At least his attorney agreed with the court that arguments pertaining to Hargrove's affidavit and to the state's objections thereto were "apropos and pertinent to both these defendants." The matter of the state's objections to this affidavit of prejudice was resolved, as far as Powell is concerned, by a stipulation, which Powell's attorney and the county attorney agreed to, specifying that Judge Ilsley was acceptable for the trial judge.

Section 1–63, W.S.1957, makes it quite clear that nothing in the criminal code shall authorize the granting of more than one change of judge "in any case." One change was indeed made, without objection from Powell, and in fact with his active acquiescence and consent.

2. Notwithstanding the stipulation made by Powell's attorneys that Judge Ilsley was acceptable as the trial judge, Powell subsequently filed his affidavit of prejudice against such judge. The court raised two

questions about this affidavit, suggesting (1) that one change of judge had already been made and it was doubtful whether Powell was entitled to a second change; and (2) that it was doubtful whether the affidavit was timely filed.

Both questions were in a state of bona fide dispute and unsettled controversy when Powell himself interposed and stated he was willing for the trial to proceed at that time before Judge Ilsley. The disputed matters were resolved with an agreement to that effect.

■ Although the defendant now asserts in his verified petition that he was under the influence of alcoholic beverages at the time of his agreement to proceed, this fact is contradicted by the state's affidavits. We cannot therefore accept defendant's claim of intoxication as being sufficiently established to warrant the issuance of such a drastic writ as the writ of prohibition.

3. The defendant was first arraigned July 2, 1963. The case was assigned to Judge Ilsley August 22, 1963, and he participated as trial judge on and after August 29, 1963. The date originally fixed for trial to begin was September 4, 1963, but continuances were granted and trial finally commenced October 15, 1963.

At no time after the case was assigned to Judge Ilsley was a trial date fixed more than 30 days in advance, but more than a total of 30 days elapsed after the first setting and before the trial finally took place. Also, an amended information was filed and served on defendant September 3, 1963, and his plea thereon was taken September 16, 1963 —29 days before trial was eventually started.

The trial judge takes the position that the amended information charged the same offense without a material change, and that Powell's affidavit of prejudice, filed September 25, 1963, was not timely filed.

We think nothing in this opinion should preclude the defendant from raising the question on appeal as to whether an affi-davit of prejudice against Judge Ilsley was filed within the time allowed by law, but we do nevertheless believe the circumstances are sufficient to make the timeliness of filing at least doubtful and debatable.

Thus, in the absence of a clear showing on the part of petitioner that he is entitled to the right claimed with respect to time for filing an affidavit of prejudice, we should, for this added reason, deny the extraordinary remedy of prohibition.

### Bail Bond

Petitioner-Powell complains that his bond for appeal has been set at $25,000, which amount is far beyond his capacity and ability to attain. He asks to be admitted to reasonable bond as determined by this court.

■ We of course are not familiar with the entire situation involved in the case nor with the circumstances of the petitioner, to the extent that the trial court is. Ordinarily determination of the amount of bail is committed to the sound discretion of the trial court, and its decision will not be disturbed except in a clear case of abuse of discretion. Delaney v. Shobe, 218 Or. 626, 346 P.2d 126, 127. And see State v. Helton, 72 Wyo. 105, 261 P.2d 46, 48.

■ The petitioner has shown us no reason to believe there was an abuse of discretion in setting the bail for appeal in this case. In fact, he has not alleged anything to suggest arbitrary or capricious action in connection with the amount of the bond.

No doubt the inability of defendant to post a bond in the amount fixed was alleged primarily for the purpose of showing the nonexistence of an adequate remedy at law. However, petitioner has failed to show himself entitled to the remedy of prohibition, for the reasons set forth above, and in the absence of an allegation and showing of abuse of discretion, we will not at this time disturb the fixing of bail.

Permanent writ denied and alternative writ quashed.