**STATE of Missouri ex rel. Norma E. DUDDY, Relator,**

v.

**The Honorable Herbert LASKY, Judge of the Circuit Court of St. Louis County, Division No. 4, Respondent.**

No. 33486.

St. Louis Court of Appeals, Missouri.

Jan. 20, 1970.

Motion for a New Trial or for Amendment of Finding Denied March 4, 1970.

David G. Lupo, St. Louis, for relator.

Goldenhersh & Newman, St. Louis, for respondent.

BRADY, Judge.

In response to the petition and after consideration of suggestions in support and in opposition thereto, we issued our preliminary writ of prohibition which relator now seeks to make absolute.

This matter arises between the divorced parents of a child out of a controversy concerning the custodial and visitation rights of that child during the summer vacations. We will refer to the parties by their titles of relator and respondent and to the father and ex-husband as the defendant, his designation in the trial court.

The pertinent portions of the verified petition for our preliminary writ alleged relator was refusing to comply with the provisions of the divorce decree with regard to temporary custodial provisions granted to defendant. As a result of the relator's actions defendant filed a verified "Application for Citation of Contempt". Therein defendant alleged relator had failed and refused to deliver temporary custody of the child upon certain specified occasions and that she " * * * continues to refuse and fails to comply with * * * " the decree. On the same day the Application for Citation of Contempt was filed the trial court issued its order directing relator to appear before it at a specified time and place some twenty-seven days later to show cause why she was not in contempt of court for her failure and refusal to deliver the child to defendant's temporary custody as provided in the divorce decree. The petition for our preliminary writ was accompanied by an affidavit setting out in summary form the evidence presented during this hearing. It is unnecessary to detail that evidence, it being sufficient to note it clearly shows the issue tried was which interpretation of the provisions of the divorce decree as to temporary custody was correct: defendant's or relator's. The affidavit sets out the fact relator testified she had no intention to violate the decree and would not do so if the trial court should decide she was wrong in her interpretation as to defendant's privileges for temporary custody.

The petition presented to us also contained the following allegations: that the trial court entered the following order at the conclusion of the hearing: "Defendant's Application for Citation of Contempt

sustained. Plaintiff fined $1.00 and cost"; that " * * * Respondent has no jurisdiction to proceed with execution and commitment against Relator but he will so further proceed * * * " in the absence of our writ; and that the adjudication being for criminal contempt relator had no remedy by appeal.

The prayer is of some importance and for that reason we set it out verbatim. It reads: "Wherefore, Relator prays that this Court issue its Writ of Prohibition commanding Respondent to Dismiss the Citation of Contempt and Show Cause Order and to refrain from any further proceeding in said action and for Relator to have her costs and attorney fees expended in the hearing below and herein and any other relief that this Court shall deem just and proper in the premises."

The return and reply are in essence denials and counter denials of the allegations of the petition. The return specifically denies relator's allegation respondent will proceed with execution and commitment in the absence of our preliminary writ.

In her brief relator attempts to raise issues going to the wording of the divorce decree, its proper interpretation, and other similar matters. Such inquiries are immaterial to this proceeding in prohibition and we will not burden this opinion with the provisions of the divorce decree. This proceeding challenges the respondent's jurisdiction to enter the judgment given. It does not go to the correctness of that judgment and certainly not to issues dealing with the divorce decree itself.

Relator attempts to attack respondent's jurisdiction on the grounds that the order is totally void. This contention is without merit. The respondent had jurisdiction over the type of action brought which was an additional remedy afforded by rule and statute and auxiliary to the main divorce or modification action. See § 511.340, RSMo 1959, V.A.M.S.; Civil Rule 74.33, V.A.M.R. There can be no

doubt but that relator had notice of the basis of the allegation against her and a reasonable time to make her defense. Neither can there be any contention the trial court lacks jurisdiction for the reason its order fails to set forth in detail the particular circumstances of the offense. Contrary to relator's contention the provisions of § 476.140, RSMo 1959, V.A.M.S., do not contain any such requirement. The first portion of that section makes it clear the requirement the particular circumstances of the offense be set forth in the order or *warrant of commitment* applies only when a person shall be committed for any contempt. Relator arbitrarily assumes the trial court's order constitutes a warrant or order of commitment. This assumption is unwarranted. There is nothing in the trial court's order that so indicates directly or by reasonable inference. Relator cites the case of Glenn v. Hendrix, Mo.App., 349 S. W.2d 532. It is true that in that case the order was in essentially the same language as that involved in this proceeding, only the amount of the fine being different. Relator contends Glenn held the order, to quote from relator's brief, "fell far short of satisfying the requirements of Rules, Statute and case law in" Missouri. It did not so hold. What relator's counsel neglects to state is that upon the refusal to pay the fine the trial court ordered commitment. The opinion states: "Clearly, the *commitment* falls far short of satisfying the requirements imposed by rule, statute and case law in this jurisdiction." (Emphasis supplied.) Hernreich v. Quinn, 350 Mo. 770, 168 S.W.2d 1054, is also cited by relator but it also deals with a commitment. There was none in the instant proceeding.

■ In their briefs the parties have treated this case as if the determinative issue was whether the trial court found relator guilty of civil contempt or criminal contempt. We do not reach that issue as we are of the opinion our preliminary writ was improvidently issued. The general rules governing the use of the writ of pro-

hibition are too well known to require recitation here. So far as the particular demands of the instant writ are concerned, it is sufficient to note that prohibition is a preventive not a corrective remedy (State ex rel Miller v. Jones, Mo.App., 349 S.W. 2d 534; State ex rel City of Mansfield v. Crain, Mo.App., 301 S.W.2d 415) to be used with great caution and forbearance. State ex rel Cone v. Bruce, 227 Mo.App. 631, 55 S.W.2d 733. It is not a writ of right and its issuance in any given case is addressed to our sound discretion. State ex rel Woods v. Ratliff, Mo., 322 S.W.2d 864; State ex rel Industrial Properties, Inc. v. Weinstein, Mo.App., 306 S.W.2d 634; State ex rel St. Louis County Transit Co. v. Walsh, Mo.App., 327 S.W.2d 713; State ex rel Miller v. Jones, supra. From the instant application for our writ it clearly appears the trial court had ruled upon the defendant's Application for Citation of Contempt at the close of the hearing held in response to that application three days before we were asked to issue our preliminary writ. Nevertheless we are asked to dismiss the Citation of Contempt and Show Cause Order. To do so, the trial court having already ruled the matter, would be to pervert the function of the writ of prohibition from prevention to correction.

■ We pass now to relator's briefed contention respondent should be prohibited from entering execution and commitment. We note relator's petition is devoid of a specific prayer the trial court be so prohibited. Such a matter enters into this proceeding only if it can be said to be encompassed within the prayer that in our writ we direct the trial court "* * * to refrain from any further proceeding in said action * * *." Even if we were to so interpret this part of the prayer as stating a request that we direct respondent not to proceed with execution and commitment against relator, the record fails to disclose respondent is threatening or even considering taking such action. There is an allegation in relator's petition that respondent

will proceed with execution and commitment against relator but that allegation is denied by the return and no proof has been offered to substantiate it. It does not prove itself. So far as we can discern from the matters properly before us there is no action threatened or about to be taken by the trial court with respect to execution and commitment to which our writ could be directed.

The trial court's order sustaining the Application for Citation of Contempt is obviously ambiguous. There is no way to discern whether the trial court considered it was ruling on defendant's allegations relator had in the past refused to obey the provisions of the divorce decree and was punishing her for her past actions, or those allegations that she continues to do so and was attempting to coerce her obedience. It is equally possible the trial court considered that by entering the order in the form it did it was ruling upon the issue presented to it; i.e., whose interpretation of the divorce decree was correct. The respondent court may have meant to indicate defendant was correct in its interpretation and entered its order in the form it did in response to relator's testimony she never intended to violate the decree and would not violate it if the court would decide she was wrong in her interpretation. The respondent may have intended his order to so inform her and never proceed further. Relator asks we join in her assumption, denied by the return, respondent intends to proceed by execution and commitment. Such an assumption is based upon mere speculation and conjecture as to the trial court's intentions. Such a basis does not afford a proper support upon which a writ of prohibition may properly be issued. I–T–E Circuit Breaker Co. v. Becker, 8 Cir., 343 F.2d 361.

■ The last contention is, again quoting directly from relator's brief, "The Respondent errored (sic) in * * * not awarding counsel fees and expenses to Relator." Relator candidly admits it is unable to cite any authority that would justify this court in making such an award. We have been equally unable to discover any. Reason would dictate none exists for such an inquiry would be going far beyond the time honored and soundly restricted purview of a writ of prohibition; i.e., an inquiry as to the jurisdiction of the court or individual involved.

Our preliminary writ was improvidently issued and is quashed.

WOLFE, P. J., and DOWD, J., concur.